WM. K. HENDRIX, *et al.* v. EDWARD E. FULLER.

1. ATTORNEY—SERVICE—*Authority presumed.* An attorney making an acknowledgment of service, on the back of the summons, will, in the absence of proof to the contrary, be presumed to have had authority for so doing.

2. SUMMONS—*When it may issue to another county.* Where one of two defendants in the county in which suit is brought acknowledges service on the back of the summons, a summons for the other defendant may rightfully issue to another county.

3. PARTIES—*Maker and Guarantor may be joined.* A plaintiff may join as defendants in one action, the maker and guarantor of a note.

*Error from Douglas District Court.*

HENDRIX, McKNABB & Co., as plaintiffs, brought suit in the district court of Douglas county against *Fuller* and Thompson upon a note, and indorsement thereon, stated in the petition as follows:

"$2,150.          "NEW ORLEANS, 10th JANUARY, 1869.

"THIRTY DAYS after date I promise to pay to the order of Waddy Thompson, twenty-one hundred and fifty dollars, value received.          EDWARD E. FULLER."

"Said Thompson, by his indorsement on the back of said note, for value received, * * * became and is liable to said plaintiffs on said note as guarantor thereof."

Neither of the defendants resided in Douglas county; but a summons was issued to the sheriff of said county against both defendants, and while it was in his hands acceptance of service was indorsed thereon for defendant *Thompson*, "per N. T. Stephens, att'y." Also, and at the same time, a summons was issued to the sheriff of Franklin county, who made personal service thereof on *Fuller* in his county. Thompson, by his said attorney, filed an answer to plaintiff's petition. Defendant *Fuller* entered a special appearance and filed a motion to set aside the service of summons as to said Fuller, and also to dismiss the action for want of jurisdiction of the parties—both of which motions are set out in the opinion. These motions were heard upon the record, and without any testimony. The first motion was sustained. Service was set aside, and on application leave given plaintiffs to issue an *alias* summons to Franklin county. Plaintiffs excepted to the order of the court setting aside the service, and now bring that order here for review.

*Thacher & Banks*, for plaintiffs in error:

1. The court below dismissed the action and set aside the service on defendant Fuller improvidently and erroneously.

The service on Thompson was good, and if good on him then it was also on Fuller: Civil Code, §§ 55, 60. Sec. 57 of the code provides how service may be made of summons, and what is equivalent to service, to-wit, appearance. At the time of the filing of the motions by defendant Fuller there was both service and appearance of his co-defendant Thompson.

It is claimed that an indorsement on the back of a summons of acceptance of service could not be done by the authority of the party to be served, yet it is obvious

and unquestioned that an attorney can file an answer, or by any other means enter the appearance of the defendant. Moreover, the presumption is, that the defendant Thompson authorized his attorney Stephens to sign his name to the acknowledgment. *Sleeper v. Sleeper, et al.*, 1 Handy, 530, expressly recognizes this as correct practice. In that case the attorney for plaintiff acknowledged service of summons for the defendant, and this latter the court was disposed to hold as irregular since the attorney was appearing for both sides; yet afterwards on the attorney's producing a power of attorney so to do, the court held this also allowable. But surely, the general authority of an attorney to practice his profession for a particular person who so directs him need not be evidenced by a power of attorney.

However this may be in the case at bar, the co-defendant could not take advantage of the authority, or want of it, on the part of the attorney who acted for Thompson; the law presumed his retainer, and his lawful right to appear for his client. 9 Paige, 496; 1 How. Pr., 171; 7 Iowa, 320.

Fuller's motions do not question the authority of the attorney, but deny his power to make the "acknowledgment." On what principle he can raise this point, we are not informed. The cases above cited certainly sustain the theory that his authority is deemed good until repudiated *by the party himself*.

2. But even if the acknowledgment was irregular, yet before Fuller's motion in the case is filed, the defendant Thompson was actually in court by an answer. It is not pretended but what Fuller was in court provided Thompson was. Thompson was properly sued in Douglas county, and was regularly before the court. His appearance is a matter of record. Could Thompson set aside

the service as to himself? If not, how can Fuller do so
for him?

*D. W. Hoffman,* for defendant in error:

1. The court had no jurisdiction over Fuller. Juris-
diction is obtained only by following the strict letter of
the statute. 2 Wait's Pr., 16; 1 Hill, 130: 2 Kern., 575.

Jurisdictional facts must exist: 4 Kas., 182; 4 Ohio
St., 435. In this case the jurisdictional facts are that one
of the defendants must "reside or be summoned" in
Douglas county. Civil code, § 55. The record shows that
*neither* of the defendants resides or was summoned there.
To "be summoned," requires a positive "service" of
notice upon the defendant, in the manner pointed out by
law. Code, § 64; 2 Bouv. L. Dic., p. 558, and 517, "Ser-
vice."

A defendant may waive service, or acknowledge ser-
vice, and it will be equivalent to a summons *as to him.*
He must do this himself. His waiver of summons, or
acknowledgment, will not confer jurisdiction upon a co-
defendant. The jurisdictional fact of a positive *summon-
ing* must exist; not a *waiver* of that fect. The statute
must be strictly followed.

In this case the defendant Thompson does not acknowl-
edge service, nor does it appear that any does so *for him.*
Counsel for plaintiffs say that "the law presumes the
authority of the attorney who appears." So it does or-
dinarily; but the only question involved is *jurisdiction,*
and for the purposes of ascertaining that, nothing is to
be presumed.

2. As Thompson was not "summoned" in Douglas
county, and as neither party resided there, it was error
to serve Fuller in Franklin county; and such service
conferred no jurisdiction as to him.

3. Thompson is not a defendant, in the sense contemplated by § 55 of the code, to-wit, a *necessary defendant;* not a *nominal* defendant.   He is the assignor of the note. *Allen v. Miller,* 11 Ohio St., 374.   In that case all of the provisions of the code bearing upon the case at bar are reviewed.

4. Thompson is sued " as guarantor." As such he *cannot* be joined as defendant in an action against the *maker* of a note.   It is claimed that § 39 of our code permits this.   Said section relates to " persons severally liable upon *the same obligation or instrument."*   A *note,* and a *guaranty* written upon it, are not the " same obligation." " They are different instruments, and impose distinct and different obligations."   11 How. Pr., 218; 10 Barb,, 638; 8 N. Y., 214;  5 Denio, 584;  2 Comst., 553; 1 N. Y. Prac., 177; Swan's Pl. & Pr., 108, 109.

Unlike the Ohio and N. Y. codes, our § 39 says that " indorsers and guarantors," " may be included in the same action."   But to give the effect to this that is claimed for it, the court must " advance backwards," and contrary to the settled definitions of notes, and guaranties, say that they are *one and the same obligation* or instrument, for only " persons severally liable upon the *same* obligation or instrument" are authorized to be included in the same action, under this section.

The opinion of the court was delivered by

Brewer, J.: Plaintiffs brought suit in the district court of Douglas county.   Summons was issued on the 8th of September, 1870, to the sheriff of said county and returned with this indorsement:

" Sheriff's office, Douglas Co., Kas.   Received the within summons the 9th day of Sept., 1870, at 10 o'clock A.

M., and return the same Sept. 12th, 1870, *non est;* N. T. Stephens accepting service for the within named Waddy Thompson. See acceptance.

"SAMUEL WALKER, sheriff of Douglas county."

"I admit personal service of this summons, this 9th day of Sept., 1870. WADDY THOMPSON, per N. T. Stephens, att'y."

At the same date summons was also issued to the sheriff of Franklin county, and returned duly served on defendant Fuller. Oct. 11th, 1870, an answer was filed for Waddy Thompson by N. T. Stephens, his attorney. On Nov. 14th, 1870, the defendant, Fuller, by his attorneys, appearing for the purpose of the motion only, moved the court to "set aside and hold for naught the "service of summons heretofore made upon him the said "Fuller, for the reason that said summons was illegally "and improperly issued and served, and is void and of "no effect in this, to-wit: That this action is brought in "Douglas county, and the defendant Fuller resides in "Franklin county, and service of said summons was "made upon him in said Franklin county: That the said "Thompson, his co-defendant was not at the time of the "issuance of said summon a resident of said Douglas "county, nor has he been summoned therein: That at "the time of the issuance of said summons, no service of "any kind had been made upon the said Thompson, nor "had any legal acceptance or waiver of service been "made in behalf of said Thompson." On the same day he filed in like manner a motion to dismiss the action on the ground of want of jurisdiction of the parties, alleging that neither of the defendants resided or had ever resided in Douglas county, nor had either of them been summoned therein. The first of these motions was sustained, the second overruled. Did the court below err in sustaining the motion to set aside the service as to Fuller?

I. No objection is made as to the manner of service on defendant Fuller, nor to the sufficiency of the return of the sheriff of Franklin county. It is claimed that the district court of Douglas county had no jurisdiction of the parties, and that there was no authority in law for the issue of summons to Franklin county at the time it was done. Sections 55, 60, and 67, of the code are as follows:

" SEC. 55. Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

" SEC. 60. Where the action is rightly brought in any county, * *· * a summons shall be issued to any other county against any one or more of the defendants at the plaintiff's request."

" SEC. 67. An acknowledgement on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service."

The return of the sheriff may be considered *prima facie* evidence that neither of the defendants resided in Douglas county. The defendant Fuller was not summoned in that county. Was the defendant Thompson, within the meaning of the term, as used in section 55? That an attorney may take any ordinary step in a case for a party, and taking it, will be presumed to have done so by that party's authority, is unquestioned. Entering an appearance is one of those steps. An attorney filing an answer, making a motion, or simply filing an appearance for a defendant, brings that defendant into court. If an attorney is presumed to have authority, when entering a voluntary appearance, why shall he not also be presumed to have authority when making an acknowledgement on the back of a summons? The effect of each act is the same. By each act the party is brought into court. " Only this, and nothing more."

1. Service; acknowledgement by attorney.

22

This, it must be remembered, is simply a question of presumptions. Any one, not an attorney, may, if in fact authorized, enter the appearance of a party, or make acknowledgement for him on the back of a summons. The only difference is this: The attorney is *presumed* to have authority; one who is not an attorney must *show* his authority. We conclude then, in the absence of proof to the contrary, that the act of the attorney in making an acknowledgement of service on the back of the summons was authorized by the defendant Thompson.

II. The statute makes the acknowledgment equivalent to service. It is the same as though the summons had been "served" upon him. When a summons has

2. When summons may issue to another county.

been served upon a party, he has been summoned. Counsel for defendant *Fuller* claims that, though this may be sufficient to give the court jurisdiction of the defendant *Thompson*, it cannot give the right to proceed in another county against Fuller. The letter of the statute makes no such limitation of the effect of acknowledgment of service; nor does the spirit of the statute authorize it. The policy of the law is to limit the number of the suits; to have one controversy determined in one suit, before one tribunal, no matter how many parties there be. And when one tribunal obtains jurisdiction of one of the parties defendant, it should be permitted to bring in all the others.

III. Again, it is claimed that Thompson and Fuller are improperly joined as defendants. The suit is on a promis-

3. Parties; joinder of maker and guarantor.

sory note made, as alleged, by Fuller, to the order of Thompson. It is alleged that Thompson by his indorsement on the back of the note transferred the same to plaintiffs, and that by reason of such indorsement he has become liable to the plaintiffs as guarantor. Judgment is prayed against Fuller as prin-

cipal, and Thompson as "surety." It is insisted that "a note, and a guaranty written upon it, are not the same obligation," and that it is improper to unite in one suit a cause of action against the maker with one against the guarantor of a note. Without considering what would be the rule independent of the statute, we think section 39 of the civil code determines the question: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

The order of the court below must be reversed.

All the Justices concurring.