## WILLIAM BURNS V. CHARLES P. NOELL.

(Filed July 18, 1902.)

1. **FORCIBLE ENTRY AND DETAINER—Notice.** Where a party desiring to commence an action for unlawful and forcible detainer notifies the adverse party in writing, signed by himself as "owner and homestead entryman," to leave the premises, for the possession of which the action is about to be brought, which notice was served by delivering a copy to the defendant, by a person authorized by the plaintiff, four clear days before the complaint was filed, Held, A sufficient compliance with section 4808, Statutes Oklahoma, 1893.

2. **SAME—Proper Remedy to Dispossess Unsuccessful Homestead Claimant.** Where adverse claimants are residing upon a tract of land, and each claiming the same as a homestead by virtue of prior settlement, and the land tribunal makes a final adjudication in such cause, the successful party, who has the homestead entry thereon, may maintain an action for forcible and unlawful detainer against the unsuccessful party to obtain possession thereof, and which he refuses to surrender upon being given the statutory notice to quit.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Hackney & Lafferty,* for plaintiff in error.

No brief filed for defendant in error.

### STATEMENT OF FACTS.

This is an action for unlawful and forcible detainer brought by Noell against Burns; judgment for Noell, and Burns brings the case here by petition in error for review. Affirmed.

Opinion of the court by

BEAUCHAMP, J:   William Burns, plaintiff in error, and Charles P. Noell, defendant in error, were contestants for the southeast quarter of section 22, township 28, range three east in Kay county. The contest was prosecuted through all the departments of the land department, and the land finally awarded to Noell, and he was permitted to file homestead entry thereon.

Thereupon this action was instituted by Noell before a justice of the peace in Kay county; judgment for Noell was rendered, and Burns appealed to the district court, where; upon trial and upon the conclusion of the evidence for Noell, plaintiff therein, Burns, demurred, which was by the court overruled; Burns offered no evidence, and judgment was rendered for Noell, and restitution of the land ordered.   A motion for a new trial was overruled by the court, and Burns brings the case here by petition in error for review.

Plaintiff in error, in his brief, contends that the evidence on the part of Noell was wholly insufficient to entitle him to a judgment, for the reason that it failed to show that Noell had served the notice to leave the premises, as required by law, three days before the suit was commenced.

We find from an examination of the record, from the testimony of Burns, while on the witness stand, that on the 14th day of June, 1901, Clarence L. Gross, a constable, delivered to him a copy of the following notice:

"NOTICE.

"William Burns and David L. Burns, will each separately take notice that I am the homestead entryman on the southeast quarter of section twenty-two (22), township twen-

ty-eight (28), north, range three (3), east, I. M., in Kay county, Oklahoma Territory, and entitled to the immediate, full and exclusive possession to each and all parts of the said quarter section, together with everything thereon and thereto attached, and this is notice and demand for such possession, and that you deliver possession of the same to me, and that you quit and leave the same forthwith, and that if you fail so to do, suit for such possession will be brought by me.

"CHARLES P. NOELL,

"Owner and homestead entryman.

"Dated June 14, 1901."

The record also discloses that Burns testified that he had Gross serve the notice. The complaint was filed in the justice's court June 18, 1901, more than three days after the service of the notice.

The notice fully complies with the requirements of section 4808, Statutes of 1893, and the service thereof by Gross by delivering a copy, being authorized by Noell, is all that is required. The statute does not require that the notice shall be delivered to the defendant by the plaintiff personally, but only provides that the notice shall be served at least three days before commencing the action. This was done in this case and is all that was necessary.

The plaintiff further claims that Noell did not, by the evidence, prove himself entitled to the possession of the land in question; but fails to point out in his brief, or petition in error, wherein he fails.

It is the settled law of this territory that where adverse claimants are residing upon a tract of land, each claiming the same as a homestead by virtue of prior settlement, and the land tribunal makes a final adjudication in said cause, the

successful party who has the homestead entry thereon, may maintain an action for unlawful detainer against the unsuccessful party to obtain possession thereof, and which he refuses to surrender upon being given the statutory notice to quit. (*Cope v. Braden,* 11 Okla. 291, 67 Pac. Reporter, 475 and cases therein cited.)

The record discloses that the plaintiff and defendants were contestants for the land; that the contest was prosecuted through all of the departments of the land department, and the land finally awarded to defendant, and he was permitted to make homestead entry thereon, and where the plaintiff had refused to deliver possession upon demand and notice, this was all that was necessary to entitle him to maintain this action.

The judgment of the trial court will be affirmed, with costs to plaintiff in error.

Hainer, J,. having presided in the court below, not sitting; all the other Justices concurring.