### UNITED STATES v. SEWARD PENINSULA RY. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 10, 1913.)

#### No. 2,101.

LICENSES (§ 31*) —LICENSE TAX ON OCCUPATION—LIEN.

In the absence of a statute so providing, the United States has no lien for a license tax imposed on a corporation in a territory, nor can it maintain a suit in the nature of a creditor's bill to fasten a lien on the property of the corporation on the ground of its insolvency without first establishing its claim by a judgment at law.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 65; Dec. Dig. § 31.*].

Appeal from the District Court of the United States for the Second Division of the District of Alaska; Cornelius D. Murane, Judge.

Suit in equity by the United States against the Seward Peninsula Railway Company, the Trust Company of America, the Northwestern Development Company, and the Pioneer Mining Company. Decree for defendants, and complainant appeals. Affirmed.

Action to declare a license tax imposed by statute upon the operation of a railroad a lien upon the property owned by the railroad company; that an injunction issue to restrain the defendants the Northwestern Development Company and the Seward Peninsula Railway Company from taking further action in an action at law then pending; and that a receiver be appointed to administer the affairs of the company pending the decision of the case.

B. S. Rodey, U. S. Atty., and N. H. Castle, Asst. U. S. Atty., both of Nome, Alaska (Elmer E. Todd, of Seattle, Wash., of counsel), for the United States.

Ira D. Orton, of Seattle, Wash., and F. E. Fuller, G. J. Lomen, and O. D. Cochran, all of Nome, Alaska, for appellees.

William H. Gorham, of Seattle, Wash., for appellee Northwestern Development Co.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The United States, immediately after filing its petition for leave to intervene in the action at law just decided, filed in the same court its bill in equity against the defendants, the Seward Peninsula Railway Company, the Trust Company of America, holding a mortgage on the property of the railway company, the Northwestern Development Company, plaintiff in the common-law ac-

tion, and the Pioneer Mining Company, lessee of the property and engaged in operating all or some portion of the property.

The indebtedness alleged in the action at law is repeated substantially in the bill of complaint. It is alleged further that, because of the sovereign relation of the complainant to the property, there is a lien in its favor upon all of the property, plant, and equipment of the defendant for said license tax; and that such lien is prior and superior to all rights, claims, demands, and equities whatsoever or any or either of said Northwestern Development Company or other defendants. Various acts of conspiracy are charged against the defendants, said acts of conspiracy having for their alleged object the defrauding of the plaintiff out of the license tax due from the railroad company to the complainant. It is also alleged that the railroad company is insolvent; that the aggregate of its property at a fair valuation is not of sufficient amount to pay its debts; that a receiver should be appointed to take over the property of the railroad company and an injunction pendente lite issue restraining the parties in the common-law action from taking further action in that case.

Upon an order to show cause all the defendants appeared and demurred to the bill of complaint. The court sustained the demurrer on the ground that the bill of complaint did not state facts sufficient to constitute a cause of action. Thereupon the court dismissed the bill.

The case is here upon appeal.

We are not aware of any statute or rule of law giving the United States a lien for a license tax in a district or territory by reason of its sovereignty. The act of Congress of May 14, 1898, c. 299, 30. Stat. 409 (U. S. Comp. St. 1901, p. 1575), granting right of way for railroads in Alaska, makes no such provision. Section 8 of the act provides that the "right of way herein and hereby authorized shall not be assigned or transferred in any form whatever prior to the construction and completion of at least one-fourth of the proposed mileage of such railroad * * * as indicated by the map of location except by mortgages or other liens that may be given or secured thereon to aid in the construction thereof."

There is no allegation in the bill of complaint making this provision of the statute applicable to plaintiff's right of action, and there is certainly nothing in the provision or in the general scope of the statute to make a license tax due the United States a lien upon the property of the railroad company. The charge of a conspiracy on the part of the defendants to defraud the plaintiff out of its license tax is not sufficient to give the plaintiff an equitable lien for the tax, nor does the charge that the defendant railroad company has become insolvent create such a lien.

The bill of complaint is in the nature of a creditor's bill. To the bill in that aspect there is the objection that it cannot be maintained until the United States has established its claim by the judgment of a court of competent jurisdiction. The demand as presented is a mere legal claim upon which the defendant is entitled to a jury trial. 6 Pomeroy's Equity Jurisprudence, § 882; Wait on Fraudulent Conveyances & Creditors' Bills, § 73; Smith v. Railroad Co., 99 U. S. 398,

401, 25 L. Ed. 437; Cates v. Allen, 149 U. S. 451, 457, 13 Sup. Ct. 883, 977, 37 L. Ed. 804. As we have seen, in the common-law action the United States has not only not reduced its claim to a judgment, but could not do so in such an action. The procedure provided by statute being exclusive, that procedure must be followed to enforce the payment of the tax.

The decree of the court below is affirmed.