**TANKERSLEY et al. v. CASTANIEN et al.**

No. 6800—Opinion Filed Dec. 26, 1916.

(162 Pac. 191.)

(Syllabus by the Court.)

**1. Forcible Entry and Detainer—Notice.**

The service of written demand or notice for the delivery of possession required by section 5507, Rev. Laws 1910, to be served upon a party against whom an action of unlawful detainer has been brought cannot be proved by the affidavit of the person who serves such notice. nor by the affidavit or return of an officer not authorized to serve it indorsed thereon; but such service may be proved by the testimony of defendants that such notice was served within the time provided by said section before bringing action of unlawful detainer.

**2. Trial—Demurrer to Evidence—Overruling.**

Where the trial court overrules a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial and introduce further and additional evidence and sufficient evidence is introduced to make out a case for the plaintiff, a judgment rendered and entered in his favor on a verdict for plaintiff, will not be disturbed.

Error from County Court, Creek County; Warren H. Brown, Judge.

Action by P. M. Castanien and another against Dan Tankersley and others begun in justice court and appealed to county court. There was a judgment there for plaintiffs, and defendants bring error. Affirmed.

W. V. Pryor and C. B. Rockwood, for plaintiffs in error.

Burke & Harrison, for defendants in error.

TURNER, J. On December 6, 1913, in a justice of the peace court of Creek county, P. M. Castanien and M. J. Skinner, defendants in error, sued Dan Tankersley, Alice Tankersley, and W. A. Tankersley, plaintiffs in error, under the forcible entry and detainer statute, to recover possession of a certain residence property in the city of Sapulpa. The petition substantially states that plaintiffs are the owners of said premises; that defendants made lawful entry thereon, but now hold said premises unlawfully and forcibly, and have continued to detain same since the 2d day of December, 1913; that said occupancy of said premises was a tenancy from month to month; that on November 1, 1913, plaintiffs, desiring to discontinue said relation, caused notice to be served on defendants to terminate said tenancy; that notice to quit and deliver up said premises was served on defendants more than three days prior to the bringing of this action, to wit, on December 2d. Judgment was rendered in favor of plaintiffs, from which defendants appealed to the county court. There, on trial to a jury, a demurrer to plaintiffs' evidence was overruled, a like judgment rendered, and defendants bring the case here.

They assign that the court erred: (1) In admitting in evidence a copy of notice, and proof of service thereof, to quit and deliver up said premises, alleged to have been served on defendants, because no proper foundation had been laid for the admission of such evidence; and (2) in overruling their demurrer to plaintiffs' evidence.

The statute (section 5507, Rev. Laws 1910) provides:

"It shall be the duty of the party desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found; such notice may also be served by leaving a copy thereof with some person over twelve years of age, on the premises described in the notice."

This statute must be complied with before suit is brought. Burns v. Noell, 12 Okla. 133, 69 Pac. 1076; Stuller v. Sparks, 51 Kan. 19, 31 Pac. 301. There is no evidence adduced by plaintiffs showing that the three days' notice was in fact complied with before this suit was brought. One of plaintiffs testified that he gave defendants "thirty days' notice and three days' notice"; but whether he

gave this notice three days before the bringing of this action does not appear.

In Smith et al. v. Travel, 20 Okla. 512, 94 Pac. 529, the court had under consideration section 2282, Ind. T. Stat. 1899, which is similar to the section of our statute under consideration with reference to notice. In construing said section the court said:

"In order for plaintiff to be entitled to recover in this action, it was necessary for her to prove service of such notice or demand in writing upon the defendants prior to the time of the beginning of this action. Such service should be proved by legitimate testimony. The return of an officer who is not authorized by the express provisions of the law to serve such notice, or the affidavit of an officer or of a private individual who serves the same, is not competent testimony to prove such service. A person who serves the notice, or some other person who has knowledge that such service was made, should be called to prove such facts."

But we will not reverse this case on this account. This for the reason that, after the demurrer to plaintiffs' evidence had been overruled, both parties proceeded with the trial and introduced further and additional evidence by which it was shown that defendants admitted that they had received written notice to quit and deliver up said premises more than three days before the bringing of the suit. By such admission the sufficiency of the notice was established, and hence the judgment was right and will not be disturbed. This is in keeping with the holding of this court in Meyer et al. v. White, 27 Okla. 400, 112 Pac. 1005, where we said:

"Where the district court overrules a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial and introduce further and additional evidence, and sufficient evidence is introduced to make out a case for the plaintiff, a judgment rendered and entered in his favor on a verdict for plaintiff will not be disturbed."

Affirmed.

All the Justices concur.