## BERNATH et al. v. KOLOSKY et al.

No. 9995—Opinion Filed June 28, 1921.

(Syllabus.)

1. **Garnishment — Notice of Objection to Garnishee's Answer — Service of Notice.**

Section 5314, Rev. Laws 1910, which provides that service of notice shall be made in the manner required by law for the service of a summons, prescribes the mode of service of the notice upon a garnishee required by section 4827, Rev. Laws 1910.

2. **Process—Service of Summons—Statute.**

Section 4711, Rev. Laws 1910, provides that summons shall be served by delivering a copy thereof to the defendant personally or by leaving one at his usual place of residence with some member of his family over 15 years of age.

### 3. Garnishment — Sufficiency of Notice to Garnishee — Validity of Judgment.

Record examined, and held: (1) That notice upon a garnishee by registered mail is not in the manner required by law for the service of a summons. (2) That a judgment by default rendered against a garnishee upon such service of notice is void and may be set aside upon motion.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by D. M. Bernath and Harry Marcovitz, partners, doing business as Marcovitz Bros., with garnishment against Ike Kolosky and others. Judgment by default against garnishees was set aside, and plaintiffs bring error. Affirmed.

William Neff and L. E. Neff, for plaintiffs in error.

Scruggs & Duckworth, for defendants in error.

KANE, J. This is an appeal from the action of the trial court in sustaining a motion to set aside a judgment rendered against the defendants in error herein as garnishees.

It seems that after the plaintiffs in error recovered a judgment against the defendants in the principal action and an execution was returned unsatisfied, they filed an affidavit in garnishment wherein they alleged that the defendants in error herein "are indebted to said judgment debtors". Upon this affidavit being filed a garnishment order was issued and served upon the garnishees, who thereafter, in due time, filed their separate answers denying that they were indebted to the judgment debtors. Thereafter, the plaintiffs in error herein served notice by registered mail on the garnishees that they elected to take issue on their answers. Two of the garnishees, Sarah Kirschner and Edward Philip Kirschner, acknowledged receipt of the notices by signing the customary delivery receipt accompanying registered mail. Thereafter, without further pleadings or appearances by the garnishees, the case was regularly set for trial, the plaintiffs introducing evidence supporting the allegation that the garnishees were indebted to the judgment debtors, the garnishees not appearing either in person or by attorney. Thereafter, judgment was rendered against the garnishees Sarah Kirschner and Edward Philip Kirschner. At a subsequent term these garnishees filed the motion to set aside the judgment hereinbefore referred to upon the grounds, among others, (a) that no interrogatories were filed or served upon them in the garnishment proceedings as required

by law; (b) that the service upon them of notice of exceptions to their answers by registered mail was invalid. Wherefore they say the judgment rendered against them is coram non judice and void. In our judgment the trial court properly sustained the motion to set aside the judgment upon the second ground stated in the motion.

Passing over the first point made, that the failure to file interrogatories was waived by the appearance of the garnishees, the next point made is that serving the notice of election to take issue on the answer of the garnishees by registered mail was a substantial compliance with the law, and therefore the judgment was not void. Section 4827, Rev. Laws 1910, which provides for notice, reads in part as follows:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated with reference to his liability to the defendant, unless the plaintiff, shall, within twenty days, serve upon the garnishee a notice in writing that he elects to take issue on his answer."

It is argued that, inasmuch as the manner of serving the notice is not prescribed by this section, service by registered mail was sufficient where, as in the case at bar, it is conceded that the garnishees against whom judgment was rendered actually received the notice in due time.

This contention probably would be sound if it were not for section 5314, Rev. Laws 1910, which provides:

"The service of a notice shall be made in the manner required by law for the service of a summons; and when served by an officer, he shall be entitled to like fees."

This general section, following as it does section 5313, Rev. Laws 1910, which specifically provides for the service of notice of motions, must, if it is allowed any field for operation at all, be construed to apply to the service of notice where there is no other mode of service specifically provided by statute.

As there is no mode of service of the notice required by section 4827, Rev. Laws 1910, specifically prescribed by that section or by any other statute, it follows that it must be served in the manner prescribed by general section 5314, supra; that is, "in the manner required by law for the service of summons". Section 4711, Rev. Laws 1910, provides that summons shall be served by delivering a copy thereof to the defendant personally or by leaving one at usual place of residence with some member of his family over 15 years of age. It is obvious that serving the notice by

registered mail does not comply with the requirements of the foregoing statutes.

For the reasons stated, the judgment of the court below is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.