## FAST et al. v. SCRUGGS.

No. 20608. Opinion Filed June 6, 1933.

Rehearing Denied July 5, 1933.

Linebaugh & Pinson, for plaintiffs in error.

Malcolm E. Rosser, for defendant in error.

RILEY, C. J. This is an appeal from a judgment against plaintiff in an action to recover on a covenant of warranty.

In 1911, defendant, F. Scruggs, and his wife, with others, executed a warranty deed to plaintiffs, Judson C. Fast and Bertha L. Fast, conveying the S. W. ¼, section 33, township 8 N., range 11 E., located in Hughes county, for an expressed consideration of $3,500. Thereafter an action in ejectment and to quiet title was commenced in the district court of Hughes county by one Hannah Beaver against Judson C. and Bertha L. Fast, seeking recovery of an interest in said land. The Fasts filed their answer, and more than 20 days before said cause was set for trial in Hughes county, Judson C. Fast and Bertha L. Fast, by their attorneys, mailed a written notice and formal demand, conforming in all respects. as to form, with the provisions of section 5263, C. O. S. 1921. to F. Scruggs, Muskogee, Okla.

Upon the trial of said cause in Hughes county, Scruggs was present as a witness and testified. He filed no pleadings in said cause and made no formal request to defend his warranty. There was no proof of the service of said notice and demand filed or made in said cause. The defendants therein filed no formal plea or demand for judgment or relief against Scruggs in that action. The plaintiff therein recovered judgment for a 23/60 interest in the land. In the same journal entry, judgment was rendered in favor of Judson C. Fast and Bertha L. Fast against F. Scruggs. on the warranty for the sum of $1,341.67, with interest thereon at 6 per cent. per annum from the ___ day of May. 1911, and $150 attorney fee. This judgment was dated June 27. 1927.

Thereafter F. Scruggs filed in said cause a motion setting out that he appeared "specially and solely for the purpose of challenging the jurisdiction of the court to render judgment" against him, and stated:

"As reason for sustaining said motion, movant states that he was not a party to said suit; that he made no appearance therein and that at no place in the pleadings is his name even mentioned; that he first heard of the rendition of said judgment on or about the 7th day of July, 1927, when he was also informed that an appeal had been taken.

"Wherefore movant prays that the purported judgment against him be set aside as void for want of jurisdiction and for any other and further relief to which he may show himself entitled either in law or equity."

Thereafter, August 11, 1928, and before any action was taken on said motion, plaintiffs herein commenced this action in the district court of Muskogee county. The petition sets out all the proceedings had in said cause in Hughes county, except the special appearance and motion of Scruggs filed therein, and alleges, in substance, the mailing of the notice and demand to defend his warranty, and other letters mailed to said Scruggs in reference to said suit, among which was a notice that said cause at one time had been continued. Copies of the letters were attached to the petition. Receipt of the letter notifying Scruggs of the continuance of the Hughes county case was acknowledged by Scruggs by letter.

The petition further alleged:

"Plaintiffs further allege that the said defendants, pursuant to the request of these plaintiffs, was constantly in conference with the attorneys for the plaintiffs, made various efforts to settle and adjust the matter of the pending suit, and by reason of the written and oral request of these plaintiffs, was present in person, appeared and participated in the trial in No. 5078. in Hughes county, state of Oklahoma. and that he is bound by the terms of the said judgment, and that the same is valid and binding; but if the same be not valid and binding. nevertheless under and by virtue of the facts therein alleged, these plaintiffs are entitled to recover the sum of $1,341.67, together with interest from the 18th day of May. 1911. as perscribed by law, and a reasonable attorney's fee, as fixed by said judgment, in the sum of $150. and the costs of this action."

The prayer is for judgment for the sum of $1,341.67. with 10 per cent. interest from May. 18. 1911. or a total of $3,622.50. and $500 attorney's fee, if the Hughes county

judgment be held invalid, but in the event the court should adjudge the judgment rendered in Hughes county valid, then plaintiff prays for judgment in this action for the same amount of the Hughes county judgment.

Defendants demurred to the petition, and being overruled, issues were joined by answer and amended answer.

At the trial a jury was impaneled and certain evidence was introduced under .a stipulation. Thereupon the plaintiff offered in evidence what was agreed to be a copy of the notice and demand to defend against the warranty in the Hughes county case with notation thereon signed by defendant F. Scruggs, and a further written statement attached thereto by defendant F. Scruggs.

The exhibit as offered is as follows:

"Plaintiff's · Exhibit 'B' Refused by the Court.

"Mr. F. Scruggs,
  "415 Exchange National Bank Building,
  "Muskogee, Oklahoma.

"Dear Sir:
  "Mr. J. C. Fast has been sued by Hannah Mitchell nee Beaver in the district court of Hughes county, in case No. 5078, wherein she seeks to recover an interest in the southwest quarter of section thirty-three (33) township eight (8) north, range eleven (11) east of the Indian Base and Meridian. This land was sold by you to Mr. and Mrs. Fast by Warranty deed.

"On May 28th, last, we wrote you advising you of this action and requesting you to enter your appearance and to defend against this action as required under your warranty. We have not heard from you as to your intention in this connection.

"This notice is served upon you as a formal demand to appear in this action and defend the title warranted to the undersigned. Please acknowledge receipt of this communication. and advise us what steps you propose to take, so that we may make our arrangements accordingly, and if possible work in harmony with you.
              "Yours very truly,
                "Judson C. Fast.
                "Bertha L. Fast.

              "Linebaugh, Pinson & Fite,
                "Their Attorneys.

"(Copy of notice received at
    lease a year ago.  3-8-28)

          "F. Scruggs.

                    "February 8, 1928.
"Mr. Pinson:
  "The original of the above was sent me through the mail something more than a year ago and, as the trial at Holdenville was on June 27, 1927, was in ample time.

"In our conversation of yesterday we spoke of the substance of my testimony at Holdenville and agreed that I said while on the witness stand that 'I was not appearing in the cause on trial nor was I making any admissions.'

"If this according to your recollection, please write me a statement to that effect, for which accept my thanks.
              "Yours very truly,
                "F. Scruggs."

This exhibit was objected to and the objection sustained.

Plaintiffs also offered evidence tending to prove the allegations of their petition relating to the execution of the warranty deed, and the breach of warranty contained therein. The trial court refused to admit this evidence, and in substance refused to allow the introduction of any evidence, except as to inability of the plaintiffs to serve the other grantor in said warranty deed.

The trial court in explanation of the ruling stated:

"Sustained. I do this, Mr. Pinson, on the theory that the statute requires notice to be served upon the grantor in a case such as was pending in Holdenville, Hughes county, Oklahoma, and about which this offered testimony refers, and the court is of the opinion that the service of notice required by statute must be personal service, or service by an officer. In other words, the court is of the opinion that the mailing of a letter to the grantor is not a compliance with the statute, and under the statute, before a man can be liable the requirements of the statute as to the notice must be complied with."

Thereupon demurrer was sustained to plaintiffs' evidence and judgment was rendered for defendant, and plaintiffs appeal.

The principal question presented. then, is on the sufficiency of the notification of defendant of the pendency of the action brought in Hughes county adverse to the title warranted by defendant in his deed to plaintiffs.

Section 5262, C. O. S. 1921, provides:

"In all cases where there is a recovery of land or any interest therein. adverse to any warranty deed thereto, the judgment by which such recovery is had shall not be effective or become the basis of an action against previous grantors. other than those who are parties thereto or have been notified in writing of the pendency thereof

20 days before such judgment is entered."

Section 5263, C. O. S. 1921, provides:

"In all cases where an action is brought against a grantee to recover real estate conveyed to him by warranty deed, he must notify the grantor or person bound by the warranty that such suit has been brought at least 20 days before the day of trial, which notice shall be in writing, and shall request such grantor or other person to defend against such action; and in case of failure to give such notice there shall be no further liability upon such warranty, except when it is clearly shown that it was impossible to make service of such notice."

Section 5264, C. O. S. 1921, in substance, provides that where any grantor applies in any action to defend his warranty or fails to appear after due notice, the court may determine all the rights of all the parties and in case recovery is adverse to the warranty, the court may render judgment in favor of the warrantee and against the warrantor, the price paid for the conveyance, the value of improvements lost; necessary expenses, attorneys fees and interest at 10 per cent.: and section 5265, C. O. S. 1921, provides:

"If a warrantor or other person bound by a warranty shall fail to appear and defend after due notice as above provided, the warrantee may defend the action and recover in a separate suit all sums expended the same as he might do in the same suit, as provided in this chapter."

If the notice mailed to and admitted to have been received by defendant, in due time, was sufficient under the law, it necessarily follows that the trial court erred in rejecting the same, and it was also error to reject other material evidence.

Plaintiffs contend that defendant was notified in writing within the requirement of section 5263, supra, and cites' and relies largely upon Jones v. Balsley & Rogers, 25 Okla. 344, 106 P. 830, and Tankersley v. Castanien, 63 Okla. 18, 162 P. 191.

In Jones v. Balsley & Rogers et al., supra, involving the service of a case-made and the written notice required by law at the time and place of settling a case-made, it was held:

"There being no mode of service of the case-made prescribed by statute, if the opposite party or his attorney of record actually receive such case-made within the given time, it is immaterial whether it be by mail, express, or otherwise, it being admitted that he actually received the same within such time."

And:

"The law requiring a written notice to be given to the opposite party or his attorney of record of the time and place of the presentation of a case-made for settlement, and a message containing a proper notice and signed by the party, or another as his attorney, seeking to have the case-made settled, sent by telegraph and properly delivered in writing, is a sufficient notice."

Tankersley v. Castanien, supra, holds that admission by the defendant in an unlawful detainer action of receipt of notice to quit and demand for possession dispenses with formal proof of the service of such notice and demand. However, the case does not disclose the nature of the admission as to how the notice was served.

Defendant cites Bernath v. Kolosky, 82 Okla. 190, 200 P. 147. In that case the sufficiency of the service of the notice in writing required by section 4827, R. L. 1910 (section 359, C. O. S. 1921), of election to take issue on the answer of a garnishee was involved. Said section in part provides:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant, unless the plaintiff shall, within 20 days, serve upon the garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. The plaintiff may in all cases move the court, upon the answer of the garnishee, and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answer."

It was therein held that service of such notice by registered mail was insufficient to confer jurisdiction on the court to render judgment against the garnishee who did not appear in person or by attorney, although it was conceded that the garnishee actually received the letter containing the notice in due time. It was there pointed out that section 5314, R. L. 1910 (section 857, C. O. S. 1921), provides that:

"The service of a notice shall be made in the manner required by law for the service of a summons; and when served by an officer he shall be entitled to like fees."

In the body of the opinion it is said:

"This general section following, as it does, section 5313, R. L. 1910, which specifically provides for the service of notice of mo-

tions, must, if it is allowed any field for operation at all, be construed to apply to the service of notice where there is no other mode of service specifically provided by statute."

Plaintiff contends that said section should be construed as applying only to notice of motions, since it directly follows the sections of the statute defining motions, providing what they shall contain, by whom they may be served, proof of their service, and on whom they are to be served.

It will thus be seen that this court has not held, in all cases, where the statute specifically provides that a notice shall be served, that actual manual delivery thereof to the party to be served is necessary. Delivery by mail has been held sufficient where the statute specifically provides that a case-made shall be served. Furthermore there is a clear distinction between the term "notify" and "serve notice." Generally the word "notify" is defined as meaning to give notice to; to inform by words or writing in person or by message, or by any signs which are understood; to make known. 49 C. J. 570.

To notify one of a fact is to make it known to him, to inform him by notice. Huntington v. City of Calais, 105 Me. 144, 73 Atl. 829.

The word "notify," as used in section 133, of the first selective service regulations, requires the Adjutant General to give notice to or make known to the party called into service the day and hour on which he is required to appear. The word, both in legal significance and by Webster's definition, meaning to "give notice" or "make known." and the mailing of such notice creates a presumption of delivery, which is conclusive, unless contrary is shown. Ex parte Caplis, 275 Fed. 980, 985.

It follows that if the party called into the service should admit in writing the receipt of the notice in due time. the proof that he had been notified would have been absolute and complete.

In 20 R. L. C., p. 345, it is said:

"Where the law prescribes written notice as a method of giving information, no doubt the receipt of a letter containing the information would be conclusive proof of the knowledge for the purpose of the case."

On the other hand, where the statute requires that a notice in writing shall be served, with the exceptions above noted. then section 857. C. O. S. 1921, has been held

to be applicable, and that the service shall be made in the manner required by law for the service of summons. This, however, does not mean that such service shall be made by a sheriff or other officer, for in case of motions defined in section 853, C. O. S. 1921, section 856, C. O. S. 1921, provides by whom such notices may be served.

It is well settled that a defendant may accept and acknowledge in writing the service of a summons, and same would be binding upon him.

It appears clear that defendant has acknowledged in writing receipt of the written notice and demand in due time, and is not entitled to say now that he was not notified in writing within the meaning of section 5263, and it was error for the trial court to reject the evidence of receipt thereof, and likewise error to reject the other material evidence relative to the action and judgment in ejectment in Hughes county.

As to the validity of the judgment rendered in Hughes county against defendant herein, the trial court made no ruling. We deem it unnecessary to discuss that question except to say that it appears that in that case there was no proof or acknowledgment of service of the notice filed with or presented to the trial court in that case. and although as a general rule it is service of process that gives the court jurisdiction. But it is also held that proof of service of process or notice is essential before a court may make a finding that it has jurisdiction to render a particular judgment. Williamson v. Williamson (Nev.) 280 P. 65; City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305.

The judgment of the trial court herein is reversed and the cause is remanded for a new trial.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. OSBORN and BAYLESS, JJ., absent. BUSBY, J., not participating.