180 So. 563
**HENRY, Commissioner of Licenses of Jefferson County, v. DRENNEN MOTOR CAR CO.**

6 Div. 309.

Supreme Court of Alabama.
April 14, 1938.

A. A. Carmichael, Atty. Gen., Silas C. Garrett, III, and Chas. L. Rowe, Asst. Attys. Gen., and H. L. Anderton, of Birmingham, for appellant.

Lange, Simpson & Brantley and Ormond Somerville, all of Birmingham, for appellee.

KNIGHT, Justice.

The appellee, complainant in the court below, filed its petition in the circuit court of Jefferson county to obtain a declaratory decree of the court determining its liability for the $1.50 citation fee provided by section 353, subdivision (g), General Acts of 1935, p. 560, and also its liability for the 15 per cent. penalty provided by subdivision (c) of the aforementioned act, page 559.

The court below held that the appellee was not liable to the payment of citation fee, nor for the 15 per cent. penalty, under the facts stated in the bill or petition, and entered judgment accordingly. It is from this judgment the present appeal is brought by the Commissioner of Licenses for Jefferson County.

It appears from bill or petition that the appellee-complainant is in the automobile business in Jefferson county: "That it is the owner of a great number of used private automobiles or motor vehicles; that some were accepted by the plaintiff as trade-ins for other new or used motor vehicles. That some of its used motor vehicles were acquired prior to October 1st, 1937; some were acquired during the month of October, 1937, and during the month of November, 1937, on and prior to the 15th day thereof; some were acquired during the month of November and subsequent to the 15th day thereof, and some were acquired during the month of December, 1937; and that all of said used motor vehicles have been continuously since acquisition and will be kept within the place of business of the plaintiff in the City of Birmingham and off the public highways and streets of the State of Alabama until application is made for the purchase of motor vehicle licenses severally for said motor vehicles. * * * That last motor vehicle license bought for and attached to any of said used motor vehicles was the license for the year ending September 30, 1937."

It is further averred that: "When each of said used motor vehicles were acquired by plaintiff, the same were brought by the former owner into the place of the plaintiff in the City of Birmingham, and there surrendered to the plaintiff and thereupon by it stored and stocked in its place of business. As to none of these automobiles was any inquiry made of the person selling the same to the plaintiff as to whether or not the same had been used by said person or any predecessor in title in violation of the motor vehicle licensing statutes of the state; no inquiry was made as to whether or not any citation had been served on said person by the License Inspector or by any authorized officer because of delinquencies under the motor vehicle licensing statutes of the state, and, with minor exceptions and not here material, plaintiff has no actual knowledge of whether or not said motor vehicles were, prior to acquisition by it, used in violation of the motor vehicle licensing statutes of the state nor does plaintiff have actual knowledge whether citations for delinquency under the motor vehicle licensing statutes have been served on former owners of said motor vehicles or filed with the Probate Judge of any county of the State of Alabama."

In paragraph 5 of the bill it is averred: "In respect to the purchase of said licenses, the statutes of the State of Alabama have been erroneously construed, plaintiff is informed and believes, by the defendant and harmfully and to the hurt and prejudice of the plaintiff in that illegal penalties, citation fees and delinquent licenses have been charged and assessed against the plaintiff and its vendees upon their attempt to purchase such licenses and defendant though tendered the lawful charges has refused and still refuses to sell said licenses except upon condition that said illegal penalties, citation fees and delinquent licenses be paid by plaintiff and its vendees."

The bill or petition concludes with the prayer that the court declare, set forth, and determine the rights of complainant with respect to said transactions under the Declaratory Judgments Act, Gen.Acts 1935, p. 777, approved September 7th, 1935, as to the following matters:

"(a) Is the plaintiff liable for and is the Commissioner of Licenses authorized to refuse to sell a license until he is paid the citation fee of $1.50 provided for by subsection (g) of section 353 of the General Revenue Law of 1935 with respect to a used car bought by the plaintiff on November 20, 1937, which car had been operated by a former owner on the highways of the State of Alabama continuously between October 1st and November 20th, 1937, while said vehicle bore the license expiring September 30, 1937, and none other and which former owner had, by the License

Inspector of one of the counties of Alabama, been personally served with a citation of delinquency and demand for the payment of motor vehicle license on said motor vehicle, a copy of which citation, showing the motor number and describing said motor vehicle, was, prior to November 20, 1937, filed with the Probate Judge of the County in which said motor vehicle was so unlawfully driven upon the highways of the State of Alabama but with respect to which former unlawful use of said motor vehicle and of the fact of the service of said citation and the filing of the same with the said Probate Judge this plaintiff had no actual knowledge?

"(b) Is the plaintiff liable for said citation fee provided by subsection (g) of section 353 of the Revenue Act of 1935 where the facts are exactly as those outlined in (a) above, except that the License Inspector of said County mailed said citation of delinquency and demand for the payment of said motor vehicle license to said former owner and the same was received by the said former owner through the United States mail and there was no other service thereof on him?

"(c) Is the plaintiff liable for the 15% penalty provided by subsection (c) of section 353 of the General Revenue Law of 1935 on the used motor vehicles handled and conditioned as described in (a) above? As in (b) above? As in (a) above except that no citation of delinquency has been issued or served?"

The appellant contends for liability in each of the above-stated instances, upon the ground among others, that the license tax required of automobile owners constitutes a lien upon the property, not only for the tax, but also for the citation fee and penalty.

The court answered each of the stated questions in the negative, that is, that the appellee, under the given state of facts, was not liable for the citation fee or penalty.

In its decree the court held: "That such taxes do not constitute a lien on the property, for the use of which a license is required. And unless such license constitutes a lien the liability therefor could not follow the automobile and attach to a subsequent owner."

■ It is quite clear that section 8874 of the Code refers to ad valorem taxes, and confers upon the state a lien on each and every piece of parcel of property, real or personal, for the payment of any and all taxes which may be assessed against the owner, or upon such property, during that year, for the use of the state, and the county is given a like lien for the payment of the taxes which may be assessed against such owner, or upon such property during that year for the use of the county. This section confers no lien, either in favor of the state or county, for the payment of a license tax, which is in no sense a property tax. City of Birmingham v. State ex rel. Carmichael, Atty. Gen., 233 Ala. 138, 170 So. 64; State v. Montgomery, 228 Ala. 93, 151 So. 856.

■ It therefore follows that there is no force or merit in the insistence of the appellant that the state has a lien under section 8874 of the Code for any license tax or taxes due on automobiles.

■ It seems to be a well-settled rule of law that, in the absence of a statutory provision therefor, license taxes do not constitute a lien on the property of the person assessed. Corpus Juris, Vol. 37, § 118, p. 250; United States v. Seward Peninsula Ry. Co., 9 Cir., 203 F. 963, 122 C.C.A. 265.

Section 371 of the Revenue Act of 1935, General Acts of 1935, p. 565, provides a lien in favor of the state for any tax, other than ad valorem, when the person liable therefor neglects or refuses to pay the same, including any interest, penalty, additional amount, or addition to such tax, together with any costs which may accrue in addition thereto.

■ It is not insisted by the Attorney General, who appears in this cause for appellant, that this statute, section 371 of the Revenue Act, has application here, but if it were conceded (a matter of the gravest doubt, to say the least) that the state for the payment of this license tax is given a lien, we find nothing in the act which authorizes or empowers the judge of probate to enforce the lien. Such liens must be enforced by pursuing the methods and remedies prescribed by law.

We do not think that the questions here presented are to be determined, as the judge of the lower court seems to have been impressed, by whether or not the state, for the past-due license, had a lien upon the car or other property of the owner. The questions are to be determined by a proper construction of section 353 of the Revenue Act of 1935. Subdivision (a) of section 353 of said act is

as follows: "If the License Inspector shall discover any motor vehicle being operated without a proper or legal license, he shall cite the operator of the motor vehicle, and in filing copy of such citation with the Probate Judge he shall show on such citation the particular motor vehicle operated without legal license, as well as the operator therof."

Subdivisions (b), (c), and (d) of section 353 of said act are as follows: "(b) The Judge of Probate must in all cases in addition to the other penalties required to be collected by him, collect the citation fee, if any, due the License Inspector before issuing any license, and in case of motor vehicle where a license is taken out in the name of person not cited the citation fee shall be collected if citation filed shows the motor number of such vehicle. When any license is due the License Inspector shall cause the delinquent to appear before the Probate Judge of the County and take out the same, but such Probate Judge shall not have the authority to determine the liability of such delinquent for such license and shall in each case issue a license to the applicant upon the payment by him of the amount or amounts prescribed by this Act. If such delinquent shall fail or refuse to take out license, the License Inspector shall institute or cause to be instituted criminal proceedings against such delinquent before any Court having jurisdiction of such offense. In case of emergency the License Inspector must commence the criminal proceedings in the first place. (c) All licenses levied by this Act except as otherwise provided shall be due and payable as of October first of each year and shall be delinquent November first thereafter. Where any license issuable by the Probate Judge or Commissioner of License shall be delinquent, the same shall be subject to a penalty of 15 per cent of the amount of the license, which penalty must be collected by the Probate Judge or Commissioner of Licenses when the license is taken out together with interest at 6% from the date of delinquency. (d) It shall be unlawful for any Probate Judge or other officer to fail to collect such penalties when issuing such license."

While subdivision (b) is somewhat confusing in some of its statements, yet we think its meaning is clear in so far as it is applicable to this case, as now presented.

It may be here noted that the penalty of 15 per cent. prescribed by the act becomes fixed and collectible, as to motor vehicles, on November 15th, in each year, Schedule 158.17, page 527, and attaches irrespective of whether the owner and operator of the car, on such delinquency occurring, has been cited or not. The statute in such cases intervenes, and ex proprio vigore imposes the penalty. But not so as to the citation fee, which only attaches and becomes a lawful charge when properly issued and served in the mode and manner prescribed by law.

■ Answering inquiry (a) in the light of the admitted facts, and the applicable provisions of the statute, it is our judgment and conclusion that the plaintiff, appellee, is liable for the citation fee of $1.50, and the Commissioner of Licenses should refuse to "sell" a license until he is paid this citation fee provided by subdivision (g) of section 353 of the Revenue Law of 1935. In failing to so decree, the circuit court committed reversible error.

■ With respect to inquiry (b), the statute, with reference to citation fees to be paid to the license inspector, so for as here pertinent, provides: "All citations to delinquents shall be served by any lawful officer, or by the License Inspector, or his deputy, who shall be allowed as a fee one dollar and fifty cents ($1.50) for each citation served, to be taxed against the delinquent."

The inspector, to serve the citation referred to in this inquiry (b), resorted to the United States mail. This was no personal service of the citation, although, as a matter of fact, the owner of the car actually received the citation, but through the mail. This was not the service contemplated or required by the statute. To entitle the license inspector to the fee he must make personal service. Corpus Juris, Vol. 50, § 78, p. 483; Adams v. Wright, 14 Wis. 408; Bernath v. Kolosky, 82 Okl. 190, 200 P. 147; Levinson v. Oceanic Steam Nav. Co., 15 Fed.Cas. p. 422, No. 8,292; St. Paul Sav. Bank v. Authier, 52 Minn. 98, 53 N.W. 812, 18 L.R.A. 498; 50 C.J. § 57, p. 468; Burt v. Fraser, 157 Ala. 574, 47 So. 572. Our statutes provide when substituted service may be resorted to. This is not such a case.

We are therefore of the opinion, and so hold, that the license inspector made no proper or legal service of the citation in using the United States mail, and therefore was not entitled to the citation fee. The fact that the owner of the vehicle ac-

tually received the citation through the mail cannot alter the situation. It was no legal service, and for such service the license inspector was not entitled to the fee. He had not earned it.

We therefore are in accord with the decree of the circuit court as to its reply to inquiry (b), and in this respect its decree is affirmed.

What we have said heretofore in this opinion will suffice to show that we are not in accord with the trial court as to its reply to inquiry (c). We hold that the plaintiff is liable for the 15 per cent. penalty, under the facts appearing in the record, and that inquiry (c) should have been answered in the affirmative in each particular here inquired about, and in failing so to decree the court committed reversible error.

It follows, therefore, that the decree of the circuit court is affirmed, in so far as it holds that complainant is not liable for the payment of the citation fee under the facts stated in inquiry (b) above, but is reversed in so far as it holds that complainant is not liable for the payment of the citation fee under the facts stated in inquiry (a) above, and is also reversed in so far as it holds that the complainant is not liable for the penalty, in each instance, under the facts stated in inquiry (c) above. A decree will accordingly be here entered.

Let the complainant pay all costs of this litigation, including cost accruing on this appeal.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.