STATE v. OPPENHEIM et al.

No. 28423.   Oct. 18, 1938.

Gibson & Savage, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendants in error.

GIBSON, J. This is an appeal from the judgment of the county court of Oklahoma county dismissing the state's appeal from an adverse order of the county treasurer in a tax ferret proceeding. The parties in error are referred to herein as the state and the taxpayer, respectively.

The trial court sustained the taxpayer's motion to dismiss on the grounds: First, that the state failed to give proper notice of appeal, and, second, failed to file an appeal bond. (Sections 12346, O. S. 1931, 68 Okla. St. Ann. sec. 481; secs. 7679, 7680, O. S. 1931, 19 Okla. St. Ann. secs. 431, 432.)

The state takes the position that the notice of appeal as served was sufficient to satisfy the constitutional and statutory requirements, while the taxpayer says that under the decisions of this court it was insufficient to give the county court jurisdiction of the person, and therefore fell short of due process of law. Kennedy v. State, 177 Okla. 79, 58 P.2d 139.

In the instant case written notice of appeal was served in due time upon the attorneys who represented the taxpayer in the treasurer's proceedings and afterwards in the county court. They accepted service in writing on the original notice. The taxpayer contends that the service on his attorneys was not sufficient; that in view of the Kennedy Case, above, it was necessary to serve him personally.

It was held in the Kennedy Case that written notice to the taxpayer was essential to jurisdiction on appeal unless he entered a general appearance; we said in effect that either written notice or general appearance in county court was necessary to satisfy the requirement of due process of law.

The taxpayer lays considerable stress upon the latter holding, and contends that certain language there employed means that the notice of appeal must be in form and served as process in the ordinary civil action. The words of the court particularly called into question were as follows: "An examination of the cases involving such appeals reveals that the courts treat the notice of appeal as analogous in all respects to summons in the ordinary civil action. The office of either is to acquire jurisdiction of the person. Service must be had in the mode authorized by statute." But it must be taken into account that we were there treating the question of service from the standpoint of due process of law, not from the standpoint of any statutory requirement. There is no statute requiring service upon the taxpayer. "The one question involved," said the court, "is that of due process of law, and in order to fulfill that requirement, the court must, in addition to other requirements, obtain jurisdiction of the parties. That must be accomplished by recognized legal methods." When we said that the courts treat the notice of appeal as analogous in all respects to summons in a civil action we meant that the two were analogous as to function, not as to form and mode of service.

We also said that service must be had in the mode authorized by statute. That is true where the statute requires service of notice. But the statute does not require service on the taxpayer in this case. Nevertheless, we held that in order to satisfy due process the court must obtain jurisdiction of the party and that such jurisdiction must be accompanied by recognized legal methods. Although we said that written notice on the taxpayer was necessary in the absence of general appearance, the language of the opinion clearly reveals that such written notice may be served upon him by any recognized legal method that will fulfill the requirement of due process of law. In this the statutes furnish no guide unless, as the taxpayer contends, the manner of service is found in section 263, O.

S. 1931, 12 Okla. St. Ann. sec. 1114. That section is a portion of the chapter dealing with motions and other miscellaneous proceedings, and provides as follows:

"The service of a notice shall be made in the manner required by law for the service of a summons: and when served by an officer, he shall be entitled to like fees."

This section, though apparently intended to apply only to notices of motions as provided in the next preceding section (sec. 264, O. S. 1931, 12 Okla. St. Ann. sec. 1115), has been extended to include all notices required by statute where method of service is not prescribed. Bernath v. Kolosky, 82 Okla. 190, 200 P. 147. But we have since held that a notice need not be served by the sheriff or other officer, or personally upon the party. Fast v. Scruggs, 164 Okla. 196, 23 P.2d 383. In that case we in effect held that section 264, supra, controlled the manner of service of such notices.

Since the statute is silent as to notice in the instant case, the last above-cited decisions are not entirely in point. We are here concerned with the question whether the service of written notice upon the attorneys who represented the taxpayer before the treasurer was sufficient to give the county court jurisdiction of the person and thus satisfy the requirement of due process of law.

In the absence of a statute to the contrary, service of notice of appeal may be accepted by the attorney of record for the party. 3 C. J. 1231. The attorneys for the taxpayer here should be considered and treated as attorneys of record for the purpose of service of notice of any matter arising in the proceeding, and under the general rule stated above, the notice as served was a recognized method of acquiring jurisdiction of the party and fully satisfied the requirement of due process of law. Then, too, where an attorney presumes to acknowledge service of process, the court will presume, in the absence of contrary proof, that he has been specially authorized to accept service. 6 C. J. 644, sec. 148. No such proof was offered here. An acknowledgment on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service. Section 175, O. S. 1931, 12 Okla. St. Ann. sec. 162. The Supreme Court of Kansas, when construing a like statute in Hendrix v. Fuller, 7 Kan. 331 (2d Ed. p. 208), expressed the rule as follows:

"An attorney making an acknowledgment of service on the back of the summons, will, in the absence of proof to the contrary, be presumed to have had authority for so doing."

In connection with the foregoing pronouncement the Kansas court had the following to say:

"That an attorney may take any ordinary step in a case for a party, and, taking it, will be presumed to have done so by that party's authority, is unquestioned. Entering an appearance is one of those steps. An attorney filing an answer, making a motion, or simply filing an appearance for a defendant, brings that defendant into court. If an attorney is presumed to have authority, when entering a voluntary appearance, why shall he not also be presumed to have authority when making an acknowledgment on the back of a summons? The effect of each act is the same. By each act the party is brought into court. 'Only this, and nothing more.' This, it must be remembered, is simply a question of presumptions. Anyone, not an attorney, may, if in fact authorized, enter the appearance of a party, or make acknowledgment for him on the back of a summons. The only difference is this: The attorney is presumed to have authority; one who is not an attorney must show his authority."

Therefore, the contention that the service of notice in the instant case was not had in accordance with the statutory requirement for the service of summons cannot prevail. Lacking proof of want of authority in the attorneys, we must presume that they had authority to acknowledge service for the taxpayer. By such acknowledgment he was brought into court.

We are unable to agree with the taxpayer's contention that the statute requires the state to file appeal bond in tax ferret cases.

The tax ferret statute, section 12346, supra, provides in part as follows:

"An appeal may be taken to the county court for (sic) the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

Section 7679, supra, provides for appeals from the action of the board of county commissioners to the district court. Any party personally aggrieved may appeal and must file bond as therein provided. The county may also appeal on the county attorney's own motion or upon petition of

at least 15 freeholders to the county attorney. If the attorney refuse to comply with said petition, then any resident taxpayer may appeal by giving bond. Where the county appeals, either upon motion of the county attorney or as a result of the aforesaid petition, no bond is required. Cherokee County Pub. Co. v. Cherokee County, 48 Okla. 722, 151 P. 187. There the court states the law as follows:

"Section 1640, Rev. L. 1910, provides for two ways in which appeals may be taken to the district court from actions of the board of county commissioners by the county or taxpayers thereof. In order to perfect an appeal under this statute taken by the county attorney upon his own motion or upon the petition of taxpayers, it is not necessary, nor is the county or county attorney required under either provision for appeal, to give an appeal bond."

Section 1640, Rev. L. 1910, mentioned in that case, is now section 7679,- above. Though altered in some respects since the last mentioned decision, the change is not material to the question here involved. That case is controlling here, and we must hold that the provision concerning the appeal bond applies only to the taxpayer.

There is some argument in the brief to the effect that an appeal of this character is actually taken by the ferret and not by the state, and for that reason the same should be treated as the appeal of an individual, and bond required. The taxpayer is mistaken. The ferret has no appealable interest; the proper party is the state (In re Boston Store, 53 Okla. 565, 157 P. 746); and the generally accepted rule is that the state is not within the contemplation of statutes requiring appeal bonds unless specifically named. 3 C. J. 1122, sec. 1161. Neither the state nor a subdivision thereof is specifically required to file appeal bond by the aforesaid statutes. See, also, Board of Com'rs v. Foster, 169 Okla. 384, 37 P.2d 306.

The judgment is reversed and the cause remanded, with directions to overrule the motion to dismiss, and to reinstate the appeal from the order of the county treasurer.

BAYLESS, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.