# Rankin *v.* Dean, *et al.*

### *Bill to Enjoin an Action of Ejectment and to Quiet Title.*

#### (Decided April 13, 1911. 55 South. 217).

1. *Quieting Title; Right of Action; Cloud on Title.*—Where the bill was not only to enjoin an action of ejectment, but also to require entry of satisfaction for payment of purchase money for the property in question, and to declare invalid a conveyance made during complainant's possession under a conditional deed, and to remove the conveyance as a cloud upon title, the test as to whether there is an adequate remedy at law is whether the holder of the property, in an action of ejectment brought by the adverse party founded on his deed, would be required to offer evidence to defeat a recovery. If such proof would be necessary, the cloud exists.

2. *Same; Right of Action; Remedy at Law.*—Purchasers of land holding under a conditional deed, which they cannot set up in a court of law till the payment of the purchase money, have no adequate remedy at law which would defeat a bill to enjoin an action of ejectment brought against them by a subsequent grantee of their vendor, and to declare invalid such subsequent conveyance and to remove it as a cloud on the title.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Mary Dean and others against D. P. Rankin, Sr., to enjoin an action of ejectment, and to remove the cloud from title. From a decree for complainants, respondent appeals. Affirmed.

JAMES EMBREY, for appellant. The legal rights of these parties were settled on former appeal.—*Rankin v. Dean,* 157 Ala. 490. On this authority the case should be reversed and remanded. The tender was not available or sufficient because not accompanied by the money. —*T. & D. Engine Co. v. Hall,* 89 Ala. 630; *Bingham v. Vandegrift,* 93 Ala. 286. Rankin did not estop himself by accepting partial payments on the debt mentioned.—

*Edmonson v. Montague,* 14 Ala. 370; 1 Brickell's Dig. ·
796; *Miller v. Hampton,* 37 Ala. 342.

GIBSON & DAVIS, for appellee. Dean's right was
merely equitable, and not cognizable in a court of law.
—*Rankin v. Dean,* 157 Ala. 490. The instrument on
which complainant relied is no more than a bond for
title and was not cognizable in a court of law.—*Chap-
man v. Glassell,* 13 Ala. 50; *Lomb v. Pioneer S. & L.
Co.,* 106 Ala. 599. Hence complainant did not have an
adequate remedy at law.—*McPherson v. Walters,* 16
Ala. 717. The doctrine of laches cannot apply for the
reason that during all this time complainants have been
in the actual open, and notorious possession of the land. ·
—*Ogletree v. Rainer,* 152 Ala. 467; *Torrent F. E. Co.
v. City of Mobile,* 101 Ala. 564; *Harold v. Weaver,* 72
Ala. 373; 32 Cyc. 1345.

SIMPSON, J.—The bill in this case was filed by the
appellees to enjoin an action of ejectment and for other
purposes hereafter to be specifically mentioned. Said
ejectment suit was before this court at a previous term,
from which it will be seen that the complainants claim
under a deed to their ancestor, made in 1873, which
this court held to be a conditional deed, the title not
to be absolutely vested in the grantee until the purchase
money named therein should be paid, and that, until
the payment of the purchase money, the purchaser, be-
ing in possession, held only an equitable title, which
could not be set up in a court of law, and the vendor
held the legal title as trustee for the benefit of the ven-
dee.—*Rankin v. Dean et al.,* 157 Ala. 490, 47 South.
1015.

The bill alleges that John R. Dean, the grantee, went
into possession of the premises conveyed immediately

on the execution of the conveyance, occupied them to the time of his death, and that complainants have remained in possession of the same ever since; that various payments had been made on same, at different times specified, leaving unpaid only $8, with accrued interest, which has been tendered to the duly authorized agent of the grantor, but he declined to accept the same until he could find the purchase-money note, or obtain proper power of attorney to satisfy said indebtedness; that complainants have ever been ready to pay the same, and are now ready and willing to pay whatever is due on said note; also that on December 16, 1873, the grantor executed some kind of conveyance to respondent of said land, the particular description of which is unknown to complainants. It recites the proceedings in ejectment, that respondent is the transferee of said indebtedness, and that respondent had notice of the provisions of said original conveyance prior to and at the time of the making of said second conveyance. The bill prays for an order of reference to ascertain what amount is due on said purchase, and offers to pay whatever may be found due; also prays for the injunction, that respondent be required to accept the amount found due, and to satisfy the said debt, also that said alleged title of respondent be declared void, and complainants be vested with a clear, unclouded title to said lands, in so far as any claims of respondent may affect the same, and for general relief.

Respondent moved to dismiss, demurred, and answered the bill, admitting the conveyance and possession (though denying that it has been adverse), denied that the payments amount to as much as claimed, denied the tender, admitted the conveyance to him, but alleged that complainants could have ascertained the nature of said conveyance by an examination of the

[Rankin v. Dean, et al.]

records, and claimed that said conveyance is paramount to the title of complainants.

The amendment to the bill brings the money into court, particularizes the times and amounts of payment, and claims that the respondent, after receiving the payments, delivering up one of the notes, etc., is estopped from proceeding in ejectment. It will be noticed that the bill seeks, not only to enjoin the action of ejectment, but also to require the entry of satisfaction by the payment of purchase money, and to declare invalid the conveyance made during complainants' possession under the conditional deed, and remove the same as a cloud on the title, so that there is no adequate remedy at law.

The test is: "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary the cloud would exist."—*Rea, pro ami, v. Longstreet & Sedgwick*, 54 Ala. 291, 294; *Eufaula National Bank v. Pruett, et al.*, 128 Ala. 470, 473, 30 South. 731.

The remedy at law in this case is not adequate, and the chancellor properly held that the complainants are entitled to relief. The decree of the court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.