[Prestwood v. Horn, et al.]


# Prestwood v. Horn, *et al.*

### Bill to Quiet Title.

(Decided November 4, 1915.   70 South. 134.)

1. **Quieting Title; Cloud.**—A conveyance void on its face is not a cloud upon title.

2. **Same; Deed Not Operating.**—The fact that a deed alleged to be a cloud upon the title of complainant did not, after an examination of the evidence, support an action in ejectment, does not affect its operation as a cloud upon title when the deed is valid on its face.

3. **Ejectment; Title of Predecessor; Burden of Proof.**—Where one brings ejectment to recover land which he had purchased at execution sale, he has the burden of showing that defendant in execution had title to the land.

4. **Quieting Title; Cloud; Allegation.**—Where complainant alleged that he had recevied a deed to a remainder after the life of the then owner, ten years before filing his bill, and that subsequent thereto the owner of the life estate had attempted to convey his interest as a fee, such allegation was sufficient to support an action to quiet title.

5. **Same; Who May Sue; Remaindermen.**—A remainderman has the right to have a cloud upon his title removed if caused by an attempted conveyance of a fee by a life tenant, although §§ 3405-6, Code 1907, prevent any prejudicial effect against the remaidermen by such a conveyance.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by Larue Horn and others against F. M. Prestwood. From a judgment for plaintiff, defendant appeals. Affirmed.

The theory of the bill is that appellees, the complainants, were remaindermen in the lands described in the bill, subject to an outstanding life estate in one Keaton and his wife, it being averred that pending the life estate, and while the life tenants were in the possession of the land, they undertook and did actually execute to Prestwood a deed absolute on its face, and by its express terms purporting to convey a fee-simple title to the land. It is further averred that Keaton and wife had previously granted by deed the estate to the appellees in remainder, reserving the life use of the lands to themselves; that the deed to appellee creating a remainder in said land had been duly recorded, and that after its recordation the life tenants undertook to execute the deed to Prestwood, as above stated. It is also averred that Prestwood was put into possession of the land un-

[Prestwood v. Horn, et al.]

der the deed executed to him, and that he at once proceeded to set up a claim of absolute ownership in the land, and began cutting down trees, moving buildings and fences, and doing such things as an owner in fee simple usually does. By supplemental bill and amendment to the original bill it was shown that the life estate had fallen in, and the court was asked to exercise its jurisdiction to settle every phase of the dispute. The demurrers proceed upon the theory that the conveyance is not a cloud upon the title because it shows on its face, in connection with the chain of title of the appellee, that the deed under which appellant claims is subordinate to the rights of appellee, and therefore it takes no record de hors the chain of title to show the invalidity of the deed as the same affects the rights of the appellee.

R. H. ARRINGTON, and A. B. FOSTER, for appellant. W. W. SANDERS, for appellees.

McCLELLAN, J.— (1) A cloud upon the title to land, that will justify an appeal to a court of equity for its removal, has been definitely described or defined in the decisions of this court. A conveyance void on its face—that if relied on in an action would show, when offered, its own invalidity and the absence of any basis of right in the claimant thereunder—will not cast a shadow, and is not a cloud on a title.

"The true test recognized by the authorities in this state [is] : Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary the cloud would exist; if the proof would. be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof, in rebuttal, no occasion could arise for the equitable interposition of the court."—*Rea v. Longstreet,* 54 Ala. 291, 294; *Rankin v. Dean,* 173 Ala. 60, 63, 55 South. 217, among others.

(2) It seems to be supposed that the expression, to be quoted, in the opinion [54 Ala. 294] in *Rea v. Longstreet, supra,* has the effect to introduce a qualification of the rule above quoted, and so to this degree, if the chain of title of the party seeking in equity the cancellation of a conveyance, valid on its face, as a cloud on his title, does or would disclose the utter inefficiency of the conveyance assailed, to reflect upon the complaining par-

[Prestwood v. Horn, et al.]

ty's title, then the conveyance sought to be canceled is not a cloud on his title, casts no shadow on his title, and a bill to cancel such a conveyance would be without equity. The expression mentioned is this: "A court of equity will not interfere to prevent or remove a cloud which can only be shown to be prima facie a good title by leaving the plaintiff's title entirely out of view."

It is a clear mistake to interpret the language quoted to the effect we have stated. There the court was concerned with the allegations of a bill—a bill averring that the land was the separate statutory estate of the wife [complainant], purchased with her own funds from a third party. Subsequently, judgment creditors of the complainant's husband caused writs of attachment to be levied upon those lands of the wife to satisfy adjudicated demands of the husband. The wife (complainant) sought by her bill to discharge the levy of the writs of attachment on her land, with the view to averting and avoiding the cloud upon and the clouding of her asserted title to the lands subjected to the levy. The court concluded, as upon the averments of the bill, that this levy upon, and the threatened and impending effort to sell, the land did not and would not cast any shade upon the alleged title of the complainant, she having acquired her asserted title—not through her husband or from any common source with him, the defendant in the writs of attachment—with her own means, from a third party. The sum of the ruling on the pleading was that a levy upon and sale of land as the property of a complete stranger to the title could cast no shade upon the title of the true owner; and hence such levy and sale, if undertaken to be made, did not, would not, afford any ground for inference or action by a court of equity in virtue of its authority to prevent or to remove clouds upon titles.

(3) In the extract last quoted from the Rea-Longstreet opinion, the court used the word "plaintiff" to refer to the actor in the action the writer had just above supposed, for the purpose of testing the quality of the conveyance to cast a shadow, to be founded upon the conveyance sought by the bill to be canceled as a cloud on the complainant's title; and by the employment of the word "plaintiff" applied the test rule to the concrete case then under consideration as if the purchaser, at a sale had under the writs of attachment, had brought ejectment to recover the possession of the property thus levied upon, and sold as the prop-

[Prestwood v. Horn, et al.]

erty of the defendant in the writs, it then being, according to the bill's allegations, the property of the defendant's wife, the complainant. The consideration entering into the court's statement in the quotation under view was doubtless the fact that a purchaser at a sale under process must show, if he would make out a prima facie right to recover in an action of ejectment based on his purchase, that the defendant in the process had an estate or interest in the lands which was subject to levy and sale.—*Mickle v. Montgomery*, 111 Ala. 415, 421, 20 South. 441; *Baucum v. George*, 65 Ala. 259, 266. In the light of this established doctrine, as respects such purchasers, it is manifest that if the land of Mrs. Rea had been sold under the writs running against her husband, and the purchaser had brought ejectment to recover its possession, his case would have failed because of inherent weakness in the particular that the plaintiff [purchaser] would have been unable to show that the subject of the levy and of his supposed purchase was the property of the defendant in the writ at the time of the levy.

(4) The amended bill under review possesses equity for the removal of the cloud cast upon the complainant's title by the attempted conveyance of the full title to Prestwood in 1910; whereas, about 10 years before these same grantors had conveyed the remainder interest, reserving the life estates to the complainants. It is quite clear that the conveyance to Prestwood, by those who had theretofore conveyed the remainder to the complainants, was not void on its face, and that, in an action by Prestwood to recover the land, the complainants, if in possession thereof, could only vindicate their superior right by recourse to evidence aliunde.

(5) The fact that the statutes (Code, §§ 3405, 3406) prevent any prejudicial effect, against remaindermen or reversioners, from conveyances of life tenants of estates or interests in excess of that held by them does not affect the question here decided. The inquiry involves an equitable right to have a cloud dissipated, and not, in any primary sense, the matter of the ultimate efficacious effect of the conveyance assailed as casting a shadow on the title.

The decree appealed from is well grounded. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.