(89 South. 452)

### ANDERSON v. STATE ex rel. MOORER.
#### (I Div. 205.)

(Supreme Court of Alabama. June 30, 1921.)

**1. Constitutional law ⊜⇒46(1)—Constitutional questions avoided.**

It is the policy of the Supreme Court to avoid grave constitutional issues when that may be done in the proper discharge of its duties.

**2. District and prosecuting attorneys ⊜⇒2(1) —Election of county solicitor held without effect.**

Gen. Acts 1919, p. 831, creating office of county solicitor in counties of population between 18,125 and 18,900, operates on a sliding scale, and a county having a population in excess of 18,900 according to the federal census of 1920 was not within its purview, and a solicitor elected thereunder took nothing by such election.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Quo warranto by the State of Alabama, on the relation of H. D. Moorer, against Wm. S. Anderson, to prevent the exercise by him of the office of County Solicitor. From an order of ouster; respondent appeals. Affirmed.

Williams S. Anderson, of Bay Minette, and Frank J. Yerger, of Mobile, for appellant.

The act relied on by respondent is a general act, and not unconstitutional. 145 Ala. 128, 40 South. 1016; 153 Ala. 648, 45 South. 175; 195 Ala. 83, 70 South. 744; 38 South. 679; 193 Ala. 561, 69 South. 461; 200 Ala. 661, 77 South. 35; 200 Ala. 405, 76 South. 321; 202 Ala. 41, 79 South. 379; 204 Ala. 38, 85 South. 465. The federal census of 1920 did not remove Baldwin county from the purview of the act. Acts 1919, p. 831; 204 Ala. 38, 85 South. 465. The act was extended to several other counties by the federal census of 1920, and hence was not objectionable as applying to too limited an area. 17 Ala. App. 44, 81 South. 426; 200 Ala. 129, 75 South. 579.

Hamilton & Page, of Evergreen, for appellee.

The act attacked is unquestionably a local law, passed in the guise of a general statute

to avoid section 106, Const. 1901, and is void. 145 Ala. 128, 40 South. 1016; 155 Ala. 479, 46 South. 638; 175 Ala. 579, 57 South. 942; 153 Ala. 648, 45 South. 175; 193 Ala. 561, 69 South. 461; 204 Ala. 38, 85 South. 465; 195 Ala. 83, 70 South. 744.

MILLER, J. Henry D. Moorer was appointed deputy solicitor of Baldwin county by the circuit solicitor. W. S. Anderson, under an act of the Legislature of Alabama (Gen. Acts 1919, p. 831), was elected county solicitor of Baldwin county in November election, 1920; by it he is to perform the duties of deputy solicitor. This is a quo warranto proceeding, commenced by Henry D. Moorer against W. S. Anderson, to prevent him from performing the duties of the office of deputy solicitor of Baldwin county.

The only question to be decided is the constitutionality of said act of the Legislature, approved September 30, 1919. Gen. Acts 1919, p. 831. The caption of this act reads as follows:

"To create the office of county solicitor in all counties having a population of not less than eighteen thousand one hundred and twenty-five and not more than eighteen thousand nine hundred according to the federal census of 1910, or any subsequent census, and to provide for the election of such solicitor by the qualified electors of such counties and prescribe his qualifications and duties and fix his compensation."

Section 1 of said act reads as follows:

"That the office of county solicitor in all counties having a population of not less than eighteen thousand one hundred and twenty-five, and not more than eighteen thousand nine hundred according to the federal census of 1910, or any subsequent census, is hereby created. Such solicitor shall be learned in the law, and shall, at the time of his election, be a qualified elector and a resident citizen of the county for which he is elected, and shall remain so during his continuance in office."

The other sections of the act provide for the election, declare the duties and qualifications, and fix the compensation of the official.

Baldwin county had a population of 18,178 according to the federal census of 1910. Section 106 of the Constitution says:

"No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution * * * unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, * * * prior to the introduction of the bill."

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The substance of this proposed act was not published for four consecutive weeks in a newspaper in Baldwin county prior to the introduction of the bill in the Legislature. Does this act violate said section 106 of the Constitution? It does, if it is a special, private, or local law, as it was not advertised and published as the Constitution required before it was introduced in the Legislature. It does not if it is a general law. What is a general, special, private, or local law? This same Constitution defines clearly and concisely and unerringly a general law, a local law, special or private law. Constitutional section 110 declares:

"A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

We should adhere closely to these constitutional definitions. This act is not a special or private law as defined by the Constitution, because it does not apply to an individual, an association, or a corporation. It is not a general law as defined by the Constitution because it does not "apply to the whole state." There are 67 counties in this state. The federal census of 1910 gave only 3 counties in Alabama a population between 18,125 and 18,900. Those 3 counties were Baldwin, Choctaw, and Escambia. There were 64 counties in Alabama by 1910 census with a population of over 18,900 or under 18,125. "The whole state" is composed of 67 counties. The law attempts to apply to only 3 of the 67 counties, and therefore is not a general law under the constitutional definition. To be a general law it must apply to "the whole state." The constitutional definition of a local law is one "which applies to any political subdivision or subdivisions of the state less than the whole." Baldwin, Choctaw, and Escambia counties are 3 separate political subdivisions of the state of Alabama. They are less than "the whole state." There are 67 political county subdivisions. It takes 67 political subdivisions by counties to cover "the whole state." This law attempts to apply to only 3 of these 67 subdivisions. It does not apply to "the whole state." It was intended to apply to only 3 of the 67 subdivisions. This made it "a local law." Its purpose was not advertised for 4 consecutive weeks in a newspaper published in these counties before it was introduced in the Legislature, and it thereby violated section 106 of the Constitution.

We are not unmindful of the former decisions of this court on this subject. We do not intend to overrule them; but we wish to show the clear-cut meaning of the Constitution of Alabama on local laws. No local law should be allowed to stand the constitutional test, directly or indirectly, until it appears that it was introduced and passed by the Legislature after the citizens of the county or counties where it is to operate were notified of the substance of the proposed law by publication for 4 consecutive weeks in some newspaper published in the county or counties, or by posting up notices as the Constitution requires, if no newspaper is published in the county.

The design and purpose of this constitutional provision was to give the citizens of a county notice of a proposed local law, so they could approve or disapprove of it by petition or otherwise to the Legislature. When it is passed under the guise of a general law on population basis, even the courts have to look up census records to determine where it applies. The law enacted, if constitutional under population basis, gives the citizens no right to notice of its purpose before it is introduced. This constitutional right is denied them, if local laws, under population basis, are permitted by the courts to pass the constitutional test.

This court, in Reynolds v. Collier, 204 Ala. 38, 85 South. 465, speaking through Justice Gardner, wrote the rule to determine whether a law is a general or local law, depending for its territorial application on differences in population of the political subdivisions of the counties of the state. This rule defines a general law and a local law. It reads as follows:

"The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld."

Does this law stand the test of the above rule established by this court? Is this act of the Legislature a general law or a local law under this court's definitions of these two different kinds of laws? The court must take judicial notice of the federal census as to population of counties. This must be done before we can determine in what counties the Legislature intended this law to operate. The 1910 census gives Baldwin county a population of 18,178. As it had 53 persons over 18,125, the minimum number, must the law therefore be considered a general one, and apply to it? The

1920 federal census gives this county 20,730. As it had in 1920 census 1,830 over 18,900 population, should this take it out from under the operation of the law? Must the shifting population of a county determine by increasing or decreasing its number the law operating in the county? The census of 1910 made this law, if constitutional, effective in Baldwin county. Did the census of 1920 take it out of the operation of the law? Must the operation of laws depend on the federal census? The 1910 federal census gives Escambia county a population of 18,889, Choctaw county 18,483. The federal census of 1920 gives Fayette county a population of 18,365, Greene county 18,133, and Lamar county 18,149. This law, if constitutional, applied when enacted to Baldwin, Choctaw, and Escambia counties by the federal census of 1910. There were 67 counties in Alabama in 1919. This law was intended for only 3 of them when it was approved. These 3 counties in 1919 by federal census had a population between 18,125 and 18,900. There were 7 counties in Alabama by federal census of 1910 with a population under the minimum figure fixed (18,125), and there were 57 counties in Alabama at that time over the maximum figure (18,900) fixed by this act of the Legislature. Seven counties would have to press forward in population, and 57 counties fall backward in population to get into the operation of this law. Must we imagine this to declare it a general, and not a local law? We think not.

If this act is constitutional after the 1920 census, it applied to Choctaw, Escambia, Fayette, Greene, and Lamar counties. Did it still apply to Baldwin? These 5 counties, in 1920 census, had a population of between 18,125 and 18,900, but Baldwin was at this time over 18,900. It is not necessary for us to decide whether it still applied to Baldwin. This law does not appear to have been made in good faith a general law on population basis. It appears to be an evasion of the clear mandate of the Constitution. The intent seems arbitrarily to apply it to these 3 counties out of 67 counties as a local law, but with general law appearance through the population basis. This classifies it under the foregoing definition of this court as a local law, and not a general law. This act being a local law, and not a general law, and the notice required by section 106 of the Constitution of 1901 not having been previously given of its intended introduction into the Legislature, renders it unconstitutional; and therefore it is inoperative and void. Sections 106 and 110 of Constitution, 1901; Reynolds v. Collier, 204 Ala. 38, 85 South. 465.

The court below did not err in declaring this law unconstitutional, and directing that W. S. Anderson, elected county solicitor under said act, was acting county solicitor without authority of law, and that H. D. Moorer, deputy county solicitor under appointment from the solicitor of that circuit, was legally authorized to perform those duties.

Affirmed.

All the Justices concur in the result.

SAYRE, J. (for the majority). [1, 2] This is a proceeding by quo warranto to test the right of the appellant, W. S. Anderson, to the office of county solicitor for the county of Baldwin. The main attack is upon the constitutionality of act September 30, 1919 (Gen. Acts, p. 831), and the reliance as to that is upon the decision in Reynolds v. Collier, 204 Ala. 38, 85 South. 465. There may be serious question as to the constitutional validity of this act; but we do not find it necessary to state a conclusion as to that. The policy of the court is to avoid grave constitutional issues when that may be done in the proper discharge of its duty. The question presented by this appeal may be decided upon another point, which is also presented by the briefs. The act in question provided for county solicitors, to be elected by the people—

"in all counties having a population of not less than eighteen thousand one hundred and twenty-five and not more than eighteen thousand nine hundred according to the federal census of 1910, or any subsequent census."

At the time of the election under which appellant claims—November, 1920—and at this time the population of Baldwin county, according to the census of 1920, was and is in excess of the maximum limit of the quoted act. The act operates on a sliding scale—necessarily so, the court thinks—so that at the time of the election and now Baldwin county was not and is not within its purview. It results that the trial court correctly ruled that appellant took nothing by the election referred to, and its judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER, J. (concurring specially). I am of the opinion that under the language of this act its constitutionality is presented here for determination. Upon consideration of the act and its purpose, I am unable to see that the comparatively small margin of difference in population bears any reasonable relation to the purpose sought to be accomplished, and that the classification was fixed merely arbitrarily, and that the act, guised as a general law, is in fact a local law within the influence of the rule announced in Reynolds v. Collier, 204 Ala. 38, 85 South. 465.

I therefore concur in the result.