168 So. 450

## JEFFERSON COUNTY v. JOHNSON.

### 6 Div. 950.

Supreme Court of Alabama.

May 21, 1936.

Ernest Matthews, of Birmingham, for appellant.

C. D. Comstock, of Birmingham, for appellee.

BROWN, Justice.

This is a proceeding under the "Uniform Declaratory Judgment Act" (approved September 7, 1935, Gen.Acts 1935, pp. 777, 778), instituted by the appellee, Mack M. Johnson, against J. M. Yeilding, as treasurer of Jefferson county, W. D. Bishop, Robert E.

Smith, and W. E. Dickson, as members of the county commission, and Jefferson county, alleging: "That he is a bailiff serving in Division 2 of the Circuit Court of Jefferson County, Alabama, and has been since his appointment on, to-wit, the 15th day of January, 1935; that as such bailiff he is called upon from time to time to take juries which are being kept together by order of the Court to meals and lodging; *that he is informed and believes* that the respondents have in the past refused and will in the future refuse to approve and pay the charges made for *petitioner's meals or lodging* while in charge of juries as hereinbefore set out." (Italics supplied.)

The prayer of the petition is "that upon a hearing * * * the Court will render a judgment or decree declaratory of petitioner's status and rights with reference to the matters hereinabove set out."

The defendants, by their attorney, appeared and filed the following answer:

"1st. That they admit the allegations of fact therein contained.

"2nd. That they join with petitioner in requesting the Court to declare the *law of the case.*" (Italics supplied.)

The wisdom of declaratory judgment acts has been doubted by courts of high authority, because they invoke the courts to give 'advisory opinions, enlarge the field of controversy, and invite and encourage litigation as to matters which have not ripened into justiciable controversies, some of which are often frivolous.

■ The courts, however, are not concerned with the wisdom or policy that induced the enactment of these statutes. That is a matter within the province of the law-making body of magistracy—the Legislature.

The courts are concerned, however, with their interpretation and application to accomplish the purpose and remedy the evils at which such legislation is directed—to see that the proceedings invoke judicial power, to the end that their judgments are binding.

■ The weight of authority is that, to give the court jurisdiction to render a declaratory judgment, there must be "a bona fide existing controversy, with subject-matter and parties in interest in court, and a situation where adequate relief is not presently available through medium of other existing forms of action." Union Trust Co.

of Rochester v. Main & South Streets Holding Corporation, 245 App.Div. 369, 282 N.Y.S. 428, 429 [headnote 2]; 33 Corpus Juris, p. 1097, § 57. In the authority last above cited, it is observed: "Upon the ground that such statutes impose nonjudicial functions upon the judiciary, statutes authorizing declaratory judgments in cases where no other relief could be granted have been declared unconstitutional [Anway v. Grand Rapids Railway Co., 211 Mich. 592, 179 N.W. 350, 12 A.L.R. 26], and this is doubtless the correct view if the statute is construed to authorize such judgment in cases where there is no real case or controversy with opposing parties such as can be submitted to judicial consideration and judgment [Muskrat v. U.S., 219 U.S. 346, 31 S.Ct. 250, 55 E.Ld. 246]. But in view of the fact that the typical statute does not apply to moot cases, but only to actual controversies between parties brought before the court as to which the judgment is not merely advisory, but a conclusive determination, rendering it res judicata as between the parties, the better opinion appears to be that such statutes impose only judicial duties on the courts and are essentially constitutional, although applicable where there is no matured cause of action and no coercive relief can be granted, being, in fact, a mere extension of a jurisdiction long exercised in cases more or less closely analogous." 33 C.J. pp. 1099, 1100, 1101, § 57.

Borchard, in his work on Declaratory Judgments, says: " 'Actual' Controversy. To avoid any possibility of a misconception of the function to be performed by a declaratory judgment, the California, Hawaii, and Kansas statutes of 1921, and the Kentucky and Virginia statutes of 1922, with the Anway decision presumably in mind, were supplied with the clause 'in cases of actual controversy,' and in Hawaii, Kansas, and Virginia, with the further clause, 'actual antagonistic assertion and denial of right.' That these words are unnecessary is evidenced by the fact that the statutes not containing these words have been held constitutional in other states, on the assumption, inescapable in fact, that only such cases could be appropriately presented for declaratory judgment." Borchard, Declaratory Judgments (1934) p. 35.

The judgment here is that the facts pleaded do not constitute a justiciable controversy; that the petitioner has no present right, on the facts alleged, to assert that the county should pay for his meals and lodging; and that the court's jurisdiction was not efficaciously invoked, and the judgment will not support an appeal. Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837.

We have not overlooked the holding of the Appellate Division of the New York Supreme Court in Strobe v. Netherland Co., Inc., 245 App.Div. 573, 283 N.Y.S. 246, that *where the court's jurisdiction was properly invoked,* and both parties sought a declaration of their rights, it is error for the court at nisi prius to dismiss the proceeding because the plaintiff was mistaken in his contentions.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.