184 So. 692

## BAGWELL v. WOODWARD IRON CO.

### 6 Div. 334.

Supreme Court of Alabama.

Nov. 25, 1938.

Coleman, Parsons & Abele, of Birmingham, for appellant.

B. J. Dryer, of Birmingham, for appellee.

KNIGHT, Justice.

The appellant, as administrator of the estate of Johnny Levi Bagwell, deceased, filed his petition in the Circuit Court of Jefferson County against the Woodward Iron Company, seeking a declaratory judgment "as to the law, rights and liabilities arising out of" the facts stated in his petition.

It appears from the petition that appellant's intestate, a minor, was employed by the appellee as coal miner at Mulga, Alabama, at the time he received his fatal injuries. It is averred that the intestate was "wantonly killed" in an explosion of gas and coal dust which had been allowed by the defendant to accumulate in that part of the mines where the deceased worked. The facts averred are quite sufficient to state a cause of action for a wanton wrong or injury.

The defendant company filed demurrers and an answer to the petition, and in its answer denied all the material allegations of the petition imputing to it "wantonness, wilfulness, or wanton misconduct." We excerpt the following from defendant's answer: "that the said Johnny Levi Bagwell was injured so as to cause his death on the 15th day of October, 1937, by an act arising out of and in the course of his employment by the defendant, and the defendant further admits that at the time of said injury and death the defendant had in its employ more than 16 employees and that both the defendant and Johnny Levi Bagwell were subject to the provisions of the Workmen's Compensation Act of Alabama, Code 1923, § 7534-7597, and defendant avers that said injury and death resulted from an accident arising out of and in the course of the employment of said Johnny Levi Bagwell by the defendant at its Mulga Mine."

The court, upon the hearing of the petition, overruled the defendant's demurrers, and held that the parties were subject to the provisions of the Workmen's Compensation Act, and further held that, while the petition was sufficient to state a cause of action for a wanton wrong or injury, the death of petitioner's intestate was the proximate result of an accident within the meaning of Section 7596, Subdivision (i) of the Code. That petitioner had "no remedy under the common law, Employer's Liability Act, Code 1923, § 7598 et seq., or Sections 5695 and 5696 of the Code," as for the alleged wanton or wrongful act.

From this judgment or decree the petitioner prosecutes this appeal.

The question that appellant would have us determine in this proceeding is, Can the defendant-employer, if sued under the Employer's Liability Law for the wilful and wanton injury and death of the employee, plead as a defense to such action the Workmen's Compensation Act?

The rule prevailing here, as well as elsewhere, is, that there must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under declaratory judgment acts.

This court in the case of Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450, Justice Brown speaking for the Court, held [page 451]:

"The weight of authority is that, to give the court jurisdiction to render a declaratory judgment, there must be 'a bona fide existing controversy, with subject-matter

and parties in interest in court, and a situation where adequate relief is not presently available through medium of other existing forms of action.' Union Trust Co. of Rochester v. Main & South Streets Holding Corporation, 245 App.Div. 369, 282 N.Y.S. 428, 429 (headnote 2); 33 Corpus Juris, p. 1097, § 57."

To the same effect are our holdings in Houston County v. Martin, 232 Ala. 511, 169 So. 13; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Teal v. Mixon, 233 Ala. 23, 169 So. 477; U. S. Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720.

■ If adequate relief, and an appropriate remedy, are presently available to the complaining party through the means of other existing forms of action or proceeding, jurisdiction for a declaratory judgment will not ordinarily be entertained. If such relief is presently available, parties will be left to their appropriate actions provided by law rather than permit a resort to the declaratory judgment proceeding. Union Trust Co. of Rochester v. Main & South Streets Holding Corporation, 245 App.Div. 369, 282 N.Y.S. 428; Post v. Metropolitan Casualty Ins. Co. of New York, 227 App.Div. 156, 237 N.Y.S. 64, affirmed, 254 N.Y. 541, 173 N.E. 857; Sheldon v. Powell, 99 Fla. 782, 128 So. 258; Oldham County v. Arvin, 244 Ky. 551, 51 S.W.2d 657; Stewart v. Herten, 125 Neb. 210, 249 N.W. 552; Reynolds v. Chase, 87 N.H. 227, 177 A. 291; Di Fabio v. Southard, 106 N.J.Eq. 157, 150 A. 248; James v. Alderton Dock Yards, 256 N.Y. 298, 176 N.E. 401; Merman v. St. Mary's Greek Catholic Church of Nesquehoning, 317 Pa. 33, 176 A. 450; Board of Sup'rs of Amherst County v. Combs, 160 Va. 487, 169 S.E. 589. Such is in effect our decision in the case of Jefferson County v. Johnson, supra.

■ In 1 C.J. Secundum, Actions, p. 1045, § 18, the author of the text states the rule broadly that, "The province of a declaratory judgment does not include a declaration of plaintiff's remedies." And in the case of Bartlett et al. v. Lily Dale Assembly et al., 139 Misc. 338, 249 N.Y.S. 482, it is observed [page 483]: "The broadest concept of the province of a declaratory judgment does not include the request of plaintiffs contained in such subdivisions to declare their remedies. Plaintiffs and others similarly situated must seek such remedies as they may be advised, after a determina-

tive declaration of their rights in this representative action."

The present proceeding is nothing more nor less than an effort on the part of appellant to have this Court to advise him as to what remedy he should pursue for redress of the wrong complained of in his petition. It is not the province of a declaratory judgment to advise parties as to proper remedies to be pursued.

■ The petition does not state a case falling within the provisions of the Declaratory Judgment Act, Gen. Acts 1935, p. 777. Such being the case, it will not support a judgment. The judgment or decree attempted to be declared and entered upon the petition was and is void, and will not support an appeal. The appeal must, therefore, be dismissed.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.