185 So. 164

**HAMILTON, Tax Collector, et al. v. CITY OF BIRMINGHAM.**

**6 Div. 414.**

Supreme Court of Alabama.

Dec. 15, 1938.

Sam C. Pointer, of Birmingham, for appellants.

J. H. Willis, Clarence Mullins, and Harvey T. Deramus, all of Birmingham, for appellee.

PER CURIAM.

ANDERSON, C. J., GARDNER, BOULDIN and FOSTER, JJ., adhere to the decision in City of Opp v. Brogden et al., 236 Ala. 180, 181 So. 752.

The appellants in brief state: "The substance of the *inquiry* in this case, and in each of said specific questions, is simply this: Are the respondents in the performance of their duties as Tax Collector and Probate Judge of Jefferson County respectively governed by the decision in the case of City of Opp v. Brogden et al., Ala.Sup., 181 So. 752,[1] or does Act 155 of the General Acts of Alabama, 1911 (1911 General Acts of Alabama, p. 130) take the complainants from within the effects of the decision in the City of Opp v. Brogden Case?" (Italics supplied.)

The appellee in brief observes: "As stated by counsel for appellants, the sole question involved in this appeal is whether the decision of the court in the case of the City of Opp v. Brogden, Ala.Sup., 181 So. 752,[1] controls the duties of the Tax Collector and the Probate Judge of Jefferson County in the collection of taxes due the municipality and in the sale and redemption of any lands sold to satisfy the tax liens or whether the duties of such Tax Collector and Probate Judge are controlled by the 1911 Acts?" General Acts 1911, p. 130.

It would seem that there is only one answer to the inquiry and that is, in the absence of the adoption of an ordinance by the City of Birmingham as provided in Section 201 of the Revenue Act of 1935, General Acts 1935, pp. 256, 348, the City of Birmingham and the officers mentioned in the Act of 1911 are governed by said Act in the "assessment levy and collection of municipal taxes" of said city.

The only city made a party in the City of Opp v. Brogden et al., supra, was the City of Opp and in so far as the Declaratory Judgment in the case is concerned, Opp is the only city affected thereby. The declaration of the opinion, however, is authoritative as to municipalities similarly situated.

The decree appealed from is modified as above indicated, and as modified is affirmed.

Modified and affirmed.

ANDERSON, C. J., GARDNER, BOULDIN, and FOSTER, JJ., concur.

THOMAS, BROWN, and KNIGHT, JJ., dissent as indicated in the following opinion by Justice BROWN.

BROWN, Justice (dissenting).

This appeal is from a decree of the Circuit Court entered in a proceeding, instituted by the appellee, the City of Birmingham, against the appellants, Hamilton, as Tax Collector, and Hawkins as Judge of Probate of Jefferson County, under the "Uniform Declaratory Judgment Act," approved September 7, 1935, Acts 1935, pp. 777—779.

Said act provides, in Section 1 thereof, that "Courts of record within their respective jurisdictions shall have power to declare *rights, status, and other legal* relations whether or not further relief is or could be claimed." And in Section 12: "This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects to *rights, status, and other legal relations;* and is to be liberally construed and administered." (Italics supplied.)

In defining justiciability Borchard on Declaratory Judgment observes: "At the outset, it may be remarked that in form it [the proceedings for Declaratory Judgment] differs in no essential respect from any other action, except that the prayer for relief does not seek execution or performance from the defendant or opposing

---

[1] 236 Ala 180.

party. It seeks only a final determination, adjudication, ruling, or judgment from the court, but the conditions of the usual action, procedural and substantive, must always be present, namely, the competence or jurisdiction of the court over parties and subject matter, the capacity of the parties to sue and be sued, the adoption of the usual forms for conducting judicial proceedings (including process, pleadings, and evidence), the existence of operative facts justifying the judicial declaration of the legal consequences, the assertion against an interested party of rights capable of judicial protection, and a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf. * * *

"It has already been observed that an action for a declaratory judgment must exhibit all the usual conditions of an ordinary action, except that accomplished physical injury need not necessarily be alleged. It is sufficient if a dispute or controversy *as to legal rights* is shown, which, in the court's opinion, requires judicial determination—that is, in which the court is convinced that by adjudication a useful purpose will be served. The requisites of justiciability must be present. * * * The court must merely be alert to distinguish the fictitious or collusive suit, where only information or opinion is sought, from those in which *rights* are placed in issue with the purpose of binding determination." (Italics supplied.)

And in Bagwell as Administrator v. Woodward Iron Co., Ala.Sup., 184 So. 692,[2] the text of 1 C.J.S. Actions, § 18, page 1045, that: "The province of a declaratory judgment does not include a declaration of plaintiff's remedies," was approved and followed.

The bill in the case at bar avers: "That the opinions of the respondents in this cause and of your complainant are at variance as to the *proper procedure* that may be lawfully employed in the collection of taxes due your complainant and in the sale of property for the payment of such taxes which are delinquent to satisfy the lien of your complainant for its taxes. * * *

"Your complainant further avers that the *uncertainty of the procedure* to be employed by the said respondent Hamilton in effecting a foreclosure of said lien of your complainant for the payment of its taxes discourage[s] purchasers who would be willing to buy at said tax sale, except for such un-

certainty, thus necessitating your complainant to become the purchaser at said sale in order to protect its lien.

"That respondent Hawkins is uncertain as to the procedure he should employ validly to sell the property upon which your complainant has a lien for taxes." (Italics supplied.)

The prayer of the bill propounds to the court ten interrogatories all relating to the proper course of procedure in respect to the future collection of taxes and the enforcement of tax liens on property subject to tax liens in the Probate Court of Jefferson County, and a sale of property thereunder. The defendants in their answer admitted the averments of the bill.

The averments of the bill and the prayer fall far short of presenting a justiciable controversy. The bill at its best merely calls for an advisory opinion, which does not constitute a binding adjudication, and under unanimous authority, does not invoke the jurisdiction and powers of the courts. County Board of Education v. Borgen, 192 Minn. 512, 257 N.W. 92; Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837; Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450; Bagwell as Adm'r v. Woodward Iron Co., supra; 16 Am.Jurisprudence, p. 319, §§ 45, 46.

The jurisdiction to order a sale of land for taxes is a jurisdiction conferred by law on the Probate Court and that Court is competent to determine the authorized course of procedure to be followed, and while the advisory opinion of the Circuit Court may be conceded to be sound and valuable as a guide, it is not binding on the Probate Court and that Court could not be made a party to such declaratory proceedings so as to make it a binding adjudication. The property owner and taxpayer is not a party to the declaratory proceedings, and even though the Probate Court should follow the procedure outlined in the decree, the taxpayer is not bound and could, on every step in the proceedings contest the same, and have his rights adjudicated in the courts of competent jurisdiction notwithstanding advisory proceedings.

It is of no moment that this court in City of Opp v. Brogden et al., supra, proceeded on appeal on the assumption that a justiciable controversy was presented. The opinion in that case at best is advisory, not bind-

---

[2] 236 Ala. 668.

ing on the Probate Court, nor on the taxpayer.

Our judgment, therefore, is that the only jurisdiction which the Circuit Court had was to dismiss the proceeding and tax the cost against the complainant. The Court was without jurisdiction to render the decree appealed from. It is void and will not support the appeal. Jefferson County v. Johnson, supra.

THOMAS and KNIGHT, JJ., concur in the foregoing dissenting opinion.