191 So. 224

**STATE v. INMAN.**

**8 Div. 17.**

Supreme Court of Alabama.

Dec. 1, 1939.

Thos. S. Lawson, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellant.

Key & Key, of Russellville, for appellee.

GARDNER, Justice.

The bill in this case is filed under the Declaratory Judgment Act of September 7, 1935 (General Acts 1935, page 777), seeking a declaration of a question of law as to whether or not twenty years adverse possession of land by defendant, now in possession, would be a good defense against the State's title thereto, which the bill sets out.

Of course a statutory action of ejectment would afford a full and adequate remedy, where all questions of title and adverse possession may be completely determined, and judgment rendered accordingly. "If adequate relief, and an appropriate remedy, are presently available to the complaining party through the means of other existing forms of action or proceedings, jurisdiction for a declaratory judgment will not ordinarily be entertained." Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692, 693; 1 Corpus Juris Secundum, Actions, § 18, page 1027. To like effect is Barlowe v. Employers Ins. Co., 237 Ala. 665, 188 So. 896, citing among other of our authorities Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450.

The courts, in the exercise of a sound discretion (1 Corpus Juris Secundum, Actions, § 18, page 1033), have made some exception in cases involving public rights or concerning important public matters (1 Corpus Juris Secundum, Actions, § 18, page 1046), and some of our own cases reflect this view. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892; Hamilton v. City of Birmingham, 237 Ala. 8, 185 So. 164; City Paper Co. v. Long, 235 Ala. 652, 180 So. 324; Henry v. Drennen Motor Car Co., 235 Ala. 559, 180 So. 563; Herbert v. Perry, 235 Ala. 71, 177 So. 561; Lyon v. Shelby County, 235 Ala.

69, 177 So. 306; Frazier v. State Tax Comm., 234 Ala. 353, 175 So. 402; Doby v. State Tax Comm., 234 Ala. 150, 174 So. 233.

Perhaps some of the cited cases come within one of the purposes of the Declaratory Judgment Act to define legal rights, obligations and relations over which real and substantial controversies have arisen before there has been an invasion of rights giving rise to other forms of action, as observed in Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269. In the main, however, they illustrate the exercise of jurisdiction upon important public questions.

The instant case involves the recovery by the State of forty acres of land, and it is clear enough it does not come within any excepted rule. To extend the jurisdiction of this Act to cases of this character is to extend it to all and leave no field of operation of other well known remedies. This was not the purpose of the Act, and however willing we may be to determine the one legal inquiry propounded, we do not feel justified in assuming jurisdiction of the appeal. Following the course pursued in Bagwell v. Woodward Iron Co., supra, the appeal must be dismissed. It is so ordered.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.