21 So.2d 312
**MARION COUNTY v. MIDDLETON.**
**6 Div. 252.**

Supreme Court of Alabama.
March 1, 1945.

Pennington & Tweedy, Curtis & Maddox, and Carl A. Elliott, all of Jasper, for appellant.

John P. Middleton, of Hamilton, and Arthur Fite, of Jasper, for appellee.

LIVINGSTON, Justice.

This is an action instituted in the Circuit Court, in Equity, of Marion County, Alabama, by Hon. John P. Middleton, Judge of the County Court of Marion County, against Marion County, a municipal corporation. The action was brought under and by virtue of the provisions of the Declaratory Judgment Act, Title 7, section 156 et seq., Code of 1940, and seeks a determination of the validity of a local act, passed by the 1943 Legislature, Local Acts, 1943, page 4, and a declaration of the rights, status and other legal relations of the parties to the cause under said local act.

The bill, as last amended, also prays for a moneyed judgment in the sum of $100, claimed to be due complainant as a part of his salary for the months of October and November, 1943, as Judge of the County Court of Marion County, and which sum Marion County withholds or refuses to pay.

The Legislature of 1931 enacted a local law "to prescribe the qualifications and term of office of the judge of the county court of Marion County, Alabama, to provide for his appointment, fix his salary, and prescribe his powers, duties and authority," etc. Local Acts 1931, p. 226.

In 1943 the Legislature enacted a local law "To further regulate the County Court of Marion County, Alabama; to define its jurisdiction and powers; to provide for a

judge of said court, and for his election, and to prescribe his term of office, powers, jurisdiction, duties and compensation; to make said Court a court of record, and to provide that said Court shall be open at all times for the trial of cases and the transaction of business; and to prescribe rules of procedure for said Court." Local Acts 1943, p. 4. ·

Under the provisions of the 1931 Act, the term of office of the judge of the County Court of Marion County would expire with the expiration of the term of the circuit judge appointing him, i. e., the first Monday after the second Tuesday in January, 1947, Title 41, section 16, Code of 1940; his salary was fixed at $100 per month, and he was inhibited from the practice of law in certain designated cases.

The local act of 1943 provides in part:

"Section 2. The present Judge of said County Court shall continue to be the Judge of said County Court until the first Monday after the second Tuesday in January, 1947, and until his successor is elected and qualified. At the general election in 1946, and every six years thereafter, the Judge of said County Court shall be elected by the qualified voters of Marion County, and the Judge so elected shall hold office for the term of six years from the first Monday after the second Tuesday in January next after his election, and until his successor is elected and qualified. The Judge of said County Court before entering upon the duties of said office shall take the oath required by law to be taken by Judges of the Circuit Courts of Alabama. He shall receive a salary of One Hundred Fifty Dollars ($150.00), per month, to be paid as a preferred claim out of the general fund of said County.

"Section 3. The Judge of said County Court shall not practice as an attorney in any court of the State or of the United States. * * *

"Section 15. All laws and parts of laws in conflict with the provisions of this Act are hereby repealed.

"Section 16. This Act shall go into effect immediately upon its approval by the Governor."

The appeal is from a decree of the trial court overruling demurrers to the bill as last amended.

▇ Before demurring to the bill, appellant interposed pleas in abatement, alleging in substance that appellee had then pending in the Circuit Court of Marion County, at law, a suit to recover the same money which he sought to recover in the equity suit, and that the suit at law was commenced prior to the institution of the suit in equity. The pleas were held insufficient, and that holding is assigned as error on this appeal. The decree holding the pleas insufficient is not reviewable under this appeal from the above noted interlocutory decree on demurrer to the bill. Kyser v. American Surety Co. of New York, 213 Ala. 614, 105 So. 689; Craig v. Craig, 219 Ala. 77, 121 So. 86; Title 7, § 755, Code of 1940. Moreover, the sum sued for on the law side of the docket is not claimed under the bill in equity as last amended, and the record does not show that said pleas were refiled to the bill as last amended.

Appellant insists that notice of the local act of 1943, supra, was not advertised in accordance with the requirements of section 106 of the Constitution of Alabama of 1901. The specific criticism being that, although the entire act itself was set forth in the advertised notice, the caption or title of the act was not included in the notice.

▇ The design and purpose of section 106, supra, was to give the citizens of a county notice of a proposed local law, so they could approve or disapprove of it by petition or otherwise to the Legislature. Anderson v. State ex rel. Moorer, 206 Ala. 301, 89 So. 452. And the "substance" of a proposed act, contemplated by said section, means "its essential and material parts, its essence, or an abstract or compendium of its substance, such as will give the people fair information of what it was." Wallace v. Board of Revenue of Jefferson County et al., 140 Ala. 491, 37 So. 321, 324; Parton v. Wood, 243 Ala. 407, 9 So.2d 265. Clearly, section 106, supra, was not circumvented where the advertised notice carried the act itself, although the caption or title of the act was not included.

▇ It is equally clear that the caption or title carried by the act when it was adopted by the Legislature was sufficient to meet all requirements of section 45 of the Constitution.

Appellant insists that the increase of appellee's salary provided by the 1943 Act is in violation of section 281 of the Constitution. In the case of Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 436, 40 A.L.R. 1052, it was said:

467

"It has now been long declared by this Court that for new and additional duties an incumbent of a public office may be awarded extra compensation without a violation of sections 118 or 281, [Const.] forbidding an increase of salary during the term. It may be said a rule of legislative policy has grown up by the sanction of this court's construction of these sections.

"We think there is no need to review the ground of these decisions. We may say that while a public officer takes his office cum onere, and is required to perform the duties from time to time prescribed by law, there is inherent justice in granting compensation for the increased labor and responsibility imposed by new legislation. The just legislator may be rather disposed to create a new office, than to impose unexpected new burdens on an existing officer without compensation. Nor do we think any sound objection obtains to conferring new duties, with compensation, upon the officer who, by reason of knowledge and experience, is best fitted to the new task. Fitness for the new duties growing out of experience in former official labors may furnish the opportunity to get efficient service at minimum expense to the state."

That the new duties, duties having no existence before, were added to those of the judge of the County Court of Marion County by the provisions of the 1943 Act, duties adding labor and responsibility, is not questionable. For the performance of such additional duties, the appellee is entitled to the additional pay provided by the Act.

We have treated this question in conformity with the argument of counsel for the respective parties without conceding the inapplicability of section 150 of the Constitution to defendant.

Appellant further insists that the increase in salary provided by the 1943 Act, supra, was not to become effective until a judge of the county court had been elected and qualified under the provisions of the Act. In other words, the salary increase was to become effective on the first Monday after the second Tuesday in January, 1947.

The intent of the Legislature must govern the point in question, and that intent must be determined from an examination of the Act in its entirety. The Act provides that "the present Judge of said County Court shall continue to be the Judge of said County Court until the first

Monday after the second Tuesday in January 1947, and until his successor is elected and qualified." And, as stated above, new duties, duties having no existence before, adding labor and responsibility, were added to the duties of the office by the provisions of the Act. Section 16 of the Act provided: "This Act shall go into effect immediately upon its approval by the Governor." Clearly, the entire Act, including the provision for an increase in the judge's salary, became effective upon the approval by the Governor on May 15, 1943.

In Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269, 274, a bill filed under the Declaratory Judgment Act, it was held: "Further relief may be had in such proceeding if necessary to complete relief. Gen.Acts 1935, p. 777, § 8." See Section 163, Title 7, Code of 1940.

In the instant case a judgment or decree for the salary claimed for services rendered during the months of October and November, 1943, is within the purview of the Declaratory Judgment Act.

Appellant further insists that appellee has an adequate remedy at law. In the case of State v. Inman, 238 Ala. 555, 191 So. 224, 225, it was said:

" 'If adequate relief, and an appropriate remedy, are presently available to the complaining party through the means of other existing forms of action or proceedings, jurisdiction for a declaratory judgment will not ordinarily be entertained.' Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692, 693; 1 Corpus Juris Secundum, Actions, § 18, page 1027. To like effect is Barlowe v. Employers Ins. Co. [of Alabama], 237 Ala. 665, 188 So. 896, citing among other of our authorities Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450.

"The courts, in the exercise of a sound discretion (1 Corpus Juris Secundum, Actions, § 18, page 1033), have made some exception in cases involving public rights or concerning important public matters (1 Corpus Juris Secundum, Actions, § 18, page 1046), and some of our own cases reflect this view. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892; Hamilton v. City of Birmingham, 237 Ala. 8, 185 So. 164; City Paper Co. v. Long, 235 Ala. 652, 180 So. 324; Henry v. Drennen Motor Car Co., 235 Ala. 559, 180 So. 563; Herbert v. Perry, 235 Ala.

468

71, 177 So. 561; Lyon v. Shelby County, 235 Ala. 69, 177 So. 306; Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402; Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233.

"Perhaps some of the cited cases come within one of the purposes of the Declaratory Judgment Act to define legal rights, obligations and relations over which real and substantial controversies have arisen before there has been an invasion of rights giving rise to other forms of action, as observed in Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269. In the main, however, they illustrate the exercise of jurisdiction upon important public questions."

Under the authority of the Inman case, supra, the trial court did not err in overruling demurrers presenting the question of the adequacy of the remedy at law.

The decree of the lower court is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.